McCALEB, Justice.
 

 This is a suit for damages resulting from a trespass upon plaintiffs’ land by the defendants for the purpose of exploring for oil. ■ The facts and circumstances upon which the action is founded are as follows:
 

 Plaintiffs, Jesse M. Matheson, his four sisters and three brothers, are co-owners of a 160 acre tract situated in Grant Parish, having inherited the property from their mother and father. On August 1, 1940, they granted to one Mark W. Mitchell an oil, gas and mineral lease which was filed
 
 *407
 
 for record in the conveyance office of Grant Parish. The lease provided a primary term of two years from its date and contained, among other things, a rider clause reading as follows: “The true consideration for the giving of this lease is the obligation of the Lessee, his heirs or assigns to commence the operations for the drilling of a well on the property herein leased within 90 days from the date hereof, and to prosecute the drilling with due diligence to a depth of 1600 feet, unless oil or gas, or other minerals are found in paying quantities at a lesser depth. Failure on the part of the Lessee, his heirs or assigns, to comply with these obligations, shall automatically terminate this lease without the necessity of putting Lessee in default and without imposing on Lessee, his heirs or assigns, any damages for failure to so perform.”
 

 No drilling operations were commenced by Mitchell within the 90 day period contained in the lease and plaintiffs, considering the contract at an end, granted another lease on February 15, 1941 to one Robert C. Bowers, which was likewise recorded in the public records of Grant Parish.
 

 Despite his failure to drill a well within the 90 day period provided for in the lease granted him by plaintiffs, Mitchell undertook to assign the lease on June 13, 1942 to D. E. Grandstaff, one of the defendants herein, which assignment was recorded in the conveyance records of Grant Parish on August 28, 1942. Soon after Grandstaff obtained the assignment, he appointed J. E. Grandstaff, another defendant, as his agent and the latter, on July 21, 1942, secured a. permit from the Department of Conservation to drill a well on plaintiffs’ property. He thereupon moved machinery on the-land, dug pits and conducted other work preparatory to actual drilling. Moreover, he unsuccessfully endeavored to obtain the consent of some of the plaintiffs to the proposed operations. Later, on Augu'st 7, 1942, he instructed his attorney to write to each of the plaintiffs for their consent. The letters, which are all of the same tenor, are as follows: “Mr. D. E. Grandstaff has requested me to advise you that under your lease in favor of Mark W. Mitchell, which lease has a primary term of 2 years, that he has received an assignment from Mr. Mitchell covering this acreage as outlined in said original lease and that he has already moved considerable equipment on the lease preparatory to drilling a test well in the Wilcox sand. Several of the signers of the lease have previously been notified of such operations, all of which meet with their approval. This letter is to notify you of his operations. Trusting that this test will result in mutual benefit and with best, wishes, I am * *
 

 Six of the eight plaintiffs answered the letters from the attorney of Grandstaff' shortly after receipt. In their response, they protested the drilling of a well on their property, setting forth that the lease assigned by Mitchell to Grandstaff had expired, and ordered the cessation of opera
 
 *408
 
 tions and the removal of all equipment from the land. One of the plaintiffs did not reply to the letter. However, plaintiff, Joseph P. Matheson, a resident of Hot Springs, Arkansas, advised the attorney of his consent to the proposed drilling of the well.
 

 Notwithstanding the written protests by
 
 six
 
 of the eight co-owners, Grandstaff continued his operations. On August 29, 1942, he assigned the lease to Placid Oil Company for a consideration of $25 per acre, or a total sum of $4,000. Thereafter, Placid Oil Company went upon the land and completed the well, which proved to be a dry hole.
 

 Charging in their petition that the Grand-staffs and Placid Oil Company entered into a conspiracy to commit trespass; that their acts were wanton and in utter disregard of the fact that they were without legal right to go upon the land, plaintiffs seek recovery of $12,500 damages composed of the following specifications — $4,-000 for the value of the lease; $8,000 for the value of % royalty and $500 representing physical injury to the land caused by drilling operations.
 

 Placid Oil Company admitted in its answer most of the salient facts of the case but denied generally any liability to plaintiffs. It pleaded that plaintiffs had knowledge of the drilling of the well and made no complaint, thereby estopping themselves to cpntest the validity of the lease. It further averred that it accepted the assignment of the lease from Grandstaff in good faith, upon a complete warranty of title, and therefore that, should it be held liable to plaintiffs, it be given a like judgment against its warrantors.'
 

 The main defense of the Grandstaffs is that plaintiffs had full knowledge of the operations conducted upon the property which estops them from obtaining redress.
 

 After a trial below, there was judgment in favor of all of the plaintiffs, except Joseph P. Matheson, for $3,500 damages against the defendants, in solido, and Placid Oil Company was given a like judgment against the Grandstaffs on its call in warranty.
 

 Joseph P. Matheson has appealed from the judgment dismissing his demand. Placid Oil Company has appealed and the seven successful plaintiffs have answered the appeal, praying that the amount awarded them below be increased to the sum of $3,937.50.
 

 At the outset, it is apt to observe that the facts which we have outlined above make it evident that the defendants were without legal right to go upon plaintiffs’ land and conduct the drilling operations which gave rise to this action. To begin with, even if we assu'me that the obligation to drill a well within 90 days (stated to be the true consideration for the lease to Mitchell) is a sufficient consideration to support a binding contract, that, consideration obviously failed because of Mitchell’s nonperformance of the obligation. Moreover,
 
 *409
 
 the rider specifically set forth that “Failure on the part of the Lessee * * * to comply * * * shall automatically ter'minate this lease * * This provision may be viewed as a resolutory condition which operated as a revocation of the lease upon failure of the event to happen. See Articles 2021, 2045 of the Civil Code.
 
 [1]
 

 Placid Oil Company recognizes its lack (and that of its assignor) of legal right of entry under the lease. However, it seeks to obtain judicial condonation for its trespass on the theory that plaintiffs are es-topped from asserting that permission was not given to the Grandstaffs to conduct the operations. Alternatively, it contends that, if plaintiffs are not estopped, it should nonetheless be excused for its acts for the reason that the drilling, being conducted with the express consent of Joseph P. Matheson (the unsuccessful plaintiff below), would have redounded to the benefit of plaintiffs in the event oil had been discovered and that, since the land is allegedly valueless except for oil explorations, no actual damage to plaintiffs has ensued.
 

 We see no merit in either proposition. In the first place, there is not a scintilla of substantial evidence to support a holding that any one of the seven prevailing plaintiffs have, by act or statement, express or implied, done anything which would give rise to the maintenance of the doctrine of estoppel. It was vaguely suggested during oral argument that one or two of these plaintiffs lived near the place where the explorations were conducted and made no complaint. However, there is no foundation in fact for such postulations for —while two of the plaintiffs live in Grant Parish, they did not have actual knowledge of the trespass until after the defendants had abandoned the well and moved off the land. Additionally, these plaintiffs, having registered their refusal to Grandstaff, would not be estopped even if they had been aware that defendants had failed to heed the protest.
 

 The alternative contention of Placid Oil Company, which is founded on the premise that the Grandstaffs had an alleged lawful right of entry on the land by reason of Joseph P. Matheson’s consent to the drilling operations, cannot prevail because, aside from other reasons, we are convinced that Joseph P. Matheson’s con
 
 *410
 
 sent was obtained by misrepresentation (as hereinafter set forth) and, hence, was not freely given at all. It follows, then, that, since the premise (lawful entry) for the proposition of Placid Oil Company cannot be sustained, the ultimate conclusion sought for falls with it.
 

 Turning attention now to the claim of Joseph P. Matheson, we notice that the letter sent to him by the Grand-staff’s attorney contains the representation that “Several of the signers of the lease have previously been notified of such operations, all of which meet with their approval.” This was a false statement, obviously inserted for the purpose of coercing ■consent from the addressee. Estoppel is an equitable remedy which can be pleaded only by those with clean hands. An estoppel cannot be created in favor of one who has induced the other to act by his misrepresentation or concealment of the facts. The rule is stated in 31 C.J.S., Estoppel, § 75, thus: “A party .may not properly base a claim of estoppel in his favor on his own wrongful act or dereliction of duty, on fraud committed or participated in by him, or on acts or omissions induced by his own ■conduct, concealment or representations.”
 

 We see no good reason to further pursue ■or discuss the matter. Suffice it to say that the defendants are not in a position to plead •estoppel. Accordingly, the trial judge should not have sustained the plea.
 

 The only other question involved in the case is whether the judge erred in not permitting plaintiffs to recover $500 for physical injury to their land as a result of defendants’ operations. Seven of the plaintiffs have answered the appeal of Placid Oil Company, praying that the judgment be amended to the extent of allowing them recovery for seven-eighths of the $500 claim. Joseph P. Matheson seeks the other one-eighth in his appeal from the judgment dismissing his demand.
 

 The uncontroverted evidence discloses that the damage to the surface of plaintiffs’ land caused by the operations is well above the amount claimed in the petition. Placid Oil Company does not contest the amount of the damages but maintains that, since the land is valueless except for mineral purposes, no damages are allowable. Manifestly, this contention is untenable.
 

 It was suggested during oral argument that, since plaintiffs had been awarded redress for the acreage value of the land for drilling purposes, it would probably be inconsistent to conclude that they are also entitled to judgment for surface injury inasmuch as such damage would not be recoverable if defendants had been operating under a lease. Careful consideration and study of this suggestion has satisfied us that it is not well founded because it necessarily assumes that the lease would not have provided for the restoration of the land in good condition by the lessee at the
 
 *411
 
 termination of the contract.
 
 [2]
 
 Furthermore, in Layne Louisiana Co. v. Superior Oil Co., 209 La. 1014, 26 So.2d 20, it was held that plaintiff, in an action of trespass, was entitled to recover the acreage loss of value of the land for mineral leasing purposes and, in addition, damage for the physical injury to the land resulting from the unlawful act.
 

 The judgment appealed from, in so far as it dismisses the demand of Joseph P. Matheson, is reversed and it is now otherwise amended so as to read as follows:
 

 “It is ordered that there be judgment in favor of plaintiffs, Jesse M. Matheson, Mrs. Ella Matheson Long, Mrs. Rosalie Matheson Maxwell, Mrs. Lillie T. Matheson La-Force, Don L. Matheson, Mrs. Annie Matheson Stallings, Jackson Earl Matheson and Joseph P. Matheson, and against Placid Oil Company, D. E. Grandstaff and J. E. Grandstaff, individually and in solido, in the full sum of Four Thousand Five Hundred & 00/100 ($4500.00) Dollars, with legal interest thereon from judicial demand until paid.
 

 “It is further ordered that there be judgment in favor of defendant, Placid Oil Company and against D. E. Grandstaff and J. E. Grandstaff, warrantors, individually and in solido, under the call in warranty, in the full sum of Four Thousand Five Hundred & 00/100 ($4500.00) Dollars, with legal interest from judicial demand until paid.
 

 All costs of these proceedings are to be borne by the defendants.
 

 O’NIELL, C. J., absent.
 

 HAMITER, J., dissents from that part of the decree which awards $500 for physical injury to the land, otherwise he concurs.
 

 [1]
 

 Compare Lieber v. Ouachita Natural Gas & Oil Co., 153 La. 160, 95 So. 538 (cited by Placid Oil Co.) and McClendon v. Busch-Everett Co., 138 La. 722, 70 So. 781, where the leases contained similar provisions but failed to stipulate the time when drilling was to commence. As a consequence, the conditions in those leases were adjudged to be potestative. Compare also Caddo Oil & Mining Co. v. Producers’ Oil Co., 134 La. 701, 64 So. 684, where the condition in the lease found to be potestative was a stipulation reserving to the lessee the right to abandon the premises whenever it desired to cease operations and to remove all property placed thereon by it at discretion.
 

 [2]
 

 The law requires that the leased property be returned to the owner in good condition. And, if no inventory has been made, “the lessee is presumed to have received the thing in good order.” Article 2720 of the Oivil 'Code.