JOHN S. PICKETT, Judge ad hoc.
This is a suit by the Dixie Lumber Company, Inc., plaintiff-appellant, against the Trinity Universal Insurance Company, surety for John H. Pruett, Jr., a contractor, to recover the sum of $2,714.62 for building materials furnished the contractor for use in constructing a residential dwelling on Lot No. 8, Square “H” of Highland Acres, in Jefferson Parish.
The facts in this case show that on January 11, 1960, Sunny Baxter, wife of/and Bryan W. Ready, as owners, and John PI. Pruett, Jr., as contractor, executed a contract, for the construction of the residence above mentioned. The Trinity Universal Insurance Company joined in the said contract as surety for the contractor. The contract contained a provision to the effect that the National Bank of Commerce in New Orleans would furnish the interim financing necessary for the erection of the building to be constructed, and the Prudential Insurance Company of America was committed to furnish the permanent financing. Mr. Frank True of Stewart Title Company of Louisiana, acted as supervisor for the disbursement of the funds under the financing arrangements, for the account of the National Bank of Commerce in New Orleans and the Prudential Insurance Company of America.
Dixie Lumber Company, Inc., plaintiff-appellant, furnished building materials to *925 the contractor for use in the construction of the residence. The value of the materials furnished was $2,714.62, after allowing certain credits.
When the construction of the dwelling had been completed, Mr. Frank True, on behalf of the interim financier, required proof of the payment of all outstanding accounts and claims, before he would authorize the payment of the proceeds of the loan to the contractor. June 20, 1960, the contractor gave plaintiff his check dated July IS, 1960, for $2,714.62, the full amount of the account herein sued upon. Plaintiff advised Mr. Frank True by letter, dated June 23, 1960, that the indebtedness of John H. Pruett, Jr., had been liquidated as of June 20, 1960. Upon receipt of this letter from plaintiff, the proceeds of the loan were disbursed by Mr. True, on behalf of the interim financier, to the contractor. The post-dated check, after its maturity date, was presented for payment, and was dishonored for lack of sufficient funds.
Plaintiff then brought this suit against defendant, as surety for the contractor, John H. Pruett, Jr. The defendant answered plaintiff’s petition denying that it was indebted unto plaintiff and interposed a plea of estoppel; and further that the acceptance of the post-dated check and the acknowledgment that the contractor’s indebtedness had been liquidated, constituted a novation of defendant’s original obligation, which discharged defendant from all liability under the contract. The defendant, also assumed the position of third-party plaintiff and sought to make both, John H. Pruett, Jr., and Bryan W. Ready, third-party defendants to be held liable for any judgment that might be rendered against defendant.
The trial court rendered judgment in favor of defendant-appellee, and dismissed plaintiff’s suit. The plaintiff has appealed to this court.
It is not disputed that the contractor is indebted to the plaintiff in the sum of $2,714.-62, for building materials purchased by the contractor for use in the construction of the residence which the contractor had agreed to construct. However, the defendant contends that the plaintiff having accepted a post-dated check from the contractor for the amount of the indebtedness and having advised the interim financer that the indebtedness had been liquidated, and requesting him to close his files on that account, is estopped to try to collect the account from the contractor’s surety, the defendant herein.
Contrariwise the plaintiff insists (1) that the facts in this case are not such as to sustain a plea of estoppel, and (2) that even if the facts are sufficient to sustain a plea of estoppel, such a plea is not available to the defendant-appellee under the law of this state.
Plaintiff contends that the plea of estop-pel is unavailable to the contractor, the principal obligor, for the reason that it was induced by the misrepresentations and other acts of the contractor to accept the postdated check, and to write the letter to the interim financier indicating satisfaction of the debt. In support of this contention, Matheson v. Placid Oil Co., 212 La. 807, 33 So.2d 527, is cited as follows:
“Estoppel is an equitable remedy which can be pleaded only by those with clean hands. An estoppel cannot be created in favor of one who has induced the other to act by his misrepresentation or concealment of the facts. The rule is stated in 31 C.J.S. Estoppel § 75, thus: ‘A party may not properly base a claim of estoppel in his favor on his own wrongful act or dereliction of duty, on fraud committed or participated in by him, or on acts or omissions induced by his own conduct, concealment or representations.’ ”
Plaintiff then urges that the law is such that the surety on a contractor’s bond shall be limited to such defenses as the contractor himself might make; and since the con *926 tractor, cannot avail himself of the plea of estoppel, it follows that the surety cannot do so. The statute relied upon by plaintiff is LSA-R.S. 9:4806 (acts 1960, No. 111, § 2) which provides in part:
“Subject to the limitation provided in R.S. 9:4814 in all cases where surety has been furnished, as between such surety and any claimant for labor or material or any sub-contractor, journeymen, cartmen, truckmen, or mechanic, the surety shall be entitled to make only the same defense as the contractor for whom he signed as surety is authorized to make; * *
However, defendant-appellee, contends that the statute relied upon by plaintiff to the effect that the surety on the contractor’s bond shall be confined to such defenses as the contractor himself might make, must be taken with the limitation that the party invoking the provision of said statute must himself have done nothing to prejudice the right of the surety. The defendant-appel-lee takes the position that when plaintiff-appellant, through its action, effected the release, to the contractor, of the funds held in escrow for the payment of its account, by the interim financier, was estopped from asserting its claim against defendant-appellee, surety; and contends that plaintiff should not be permitted to recover from it sums which it would not have been compelled to pay had plaintiff not imprudently released the money available for payment of the account to the contractor and in support of that contention, cites 57 C.J.S. Mechanics’ Liens § 230, at page 804, as follows:
“A subcontractor, materialman, or laborer is estopped to assert a lien where the owner has settled with the contractor, or made payments to the contractor or other subcontractors, in reliance on the subcontractor’s, material-man’s, or laborer’s receipt for the amount due him, his statement that he has been paid by the contractor, his representation that he will not look to the owner for payment of work performed or materials furnished, or his direction, authorization, or expressed desire that payment be made to the contractor.”
The general rule in support of defendant’s position is well stated in 57 C.J.S. Mechanic’s Liens § 229, at page 803:
“As a general rule a person entitled to a mechanic’s lien may be estopped to assert or enforce it by any act which will render it inequitable for him to do so.”
The Orleans Court of Appeal in Conservative Homestead Association v. Pollack, App.1919, Orleans No. 7430, in discussing the statute with reference to the surety being confined to such defenses as the contractor himself might make, said:
“We are therefore of the opinion that the clause in the statute providing that the surety shall be confined to such' defenses as the contractor himself might make, must be taken with the limitation, that the party invoking the clause must himself have done nothing to prejudice the right of the surety, since it is a well settled maxim of law that no man may profit by his own wrong. Nor can we doubt that where a person seeking to hold the surety has done some act prejudicial to the rights of the surety, the latter may set it up as a defense even though it would have not availed the contractor, who might have been a party to such act or might have been injured by it. Conn v. U. S. Fidelity & Guaranty Co., 13 Orleans App. 99 (102); Panama Sash & Door Co. v. United States Fidelity & Guaranty Co., 12 Orleans App. 15; Meyer v. Bichow, 133 La. 975, 63 So. 487 (982).”
The interim financier had funds to pay all lien claims, including plaintiff’s claim, until plaintiff effected a release of *927 such funds to the contractor. It is manifest that plaintiff effected a release of the funds, out of which it could have been paid, by assuring the interim financier that the contractor had liquidated his entire indebtedness of $2,714.62, as of June 20, I960, for the B. W. Ready account. Therefore the plaintiff-appellant caused the release of the funds in escrow, out of which defendant had a right to have plaintiff paid. This act of the plaintiff was prejudicial to the rights of the defendant; and the defendant-appellee is entitled to set up that act of plaintiff-appellant as a defense, even though it is not available to the contractor. The plaintiff-appellant is estopped to maintain its claim against the defendant.
For the foregoing reasons the judgment of the trial court is hereby affirmed;- the appellant to pay the costs of this appeal.
Judgment affirmed.