Writs refused. We find no abuse of discretion on the part of the trial judge in refusing a suspensive appeal. La.C.C.P. art. 3612.
In Board of Supervisors of Louisiana State University v. Lewark, 281 So.2d 706 (La.1973) the Supreme Court said:
“Undoubtedly all matters and things which induced the trial judge to grant or deny a suspension of the injunction pending appeal are relevant and should be considered by the reviewing court to determine whether there has been an abuse of the discretion he is authorized by statute to exercise in such matters. Clearly, then, in the absence of a showing to the contrary, all of the evidence considered by the trial judge in granting the injunction had some influence upon the exercise of that discretion.”
Though we do not have the entire record available to determine whether there has been an abuse of discretion, we do have copies of the trial memorandum filed by defendants-relators which contains a resume of the testimony of various witnesses. We assume, of course, that this testimony is that which was most favorable to defendants. Additionally we have the benefit of the trial judge’s written reasons for denying the suspensive appeal, a copy of which is attached. Therefore, we are of the opin *625 ion that this court has before it sufficient information to allow it to reach a decision without the necessity of ordering that the entire record be sent up.
After reviewing the above referred to memorandum and written reasons, as well as the other exhibits attached to the writ application, we are convinced that the trial judge did not abuse his discretion.
JERRY H. SCHWAB, ROBERT L. MORRIS, LAURA HERRING MORRIS, MERRICK A. DUGAL, JR, NORMAN J. CLAVERIE, BEULAH GIROIR KING CLAVERIE, AND TRACY L. RHODES VS. NO. 62,541 ROBERT E. KELTON AND CLAUDIA GORDON KELTON * 32ND JUDICIAL DISTRICT COURT * PARISH OF TERREBONNE * STATE OF LOUISIANA
REASONS FOR DENIAL OF SUSPENSIVE APPEAL
This Court has denied the Defendants’ petition for suspensive appeal, reserving, of course, the defendants’ right to appeal de-volutively.
Whether or not to grant a suspensive appeal from a preliminary injunction is a matter which addresses itself to the Court’s discretion. La.C.C.P. 3612 requires denial of a suspensive appeal unless there are good and valid reasons to justify the exercise of the Court’s discretion to the contrary. In the instant case, there are no circumstances which warrant the exercise of the discretionary powers of this Court.
The Defendant, Mr. Robert Kelton, is a certified Public Accountant as well as a knowledgeable and intelligent businessman. His actions in opening up and operating an accounting practice in the subject residential subdivision were done with the full knowledge that he was violating the restrictive covenants. It was duly noted at the hearing that Mr. and Mrs. Kelton owned other property in the same subdivision upon which they were rebuilding a beautiful home which had earlier been destroyed by fire. It was further noted that the Defendants’ purchase of the subject property was solely for the express purpose of conducting an accounting business. Prior to the purchase, Mr. Kelton approached some of the residents in the subdivision seeking their approval of his proposed intentions. Some of the residents voiced no objection. However, several other residents did voice an objection. In fact, two of the residents, both being practicing attorneys, strongly urged Mr. Kelton not to purchase the property if his sole intention was to operate his business there and further urged Mr. Kel-ton that if he persisted they would be forced to seek legal redress to preserve the residential quality of the subdivision.
Nevertheless, armed with the clear disapproval of many of his neighbors and with full knowledge of the covenant restricting the use of the property went forward with his plans. For reasons known only to Mr. Kelton, he intentionally sought a course of action designed to strike at the very heart of the term “residential subdivision”.
Upon the hearing for preliminary injunction, Mr. Kelton readily admitted that he did, in fact, violate the residential requirements of the restrictive covenants and then sought to justify his actions. The witnesses were numerous and the testimony extensive. After due consideration this Court was not convinced that the Defendants’ actions were justified and issued the preliminary injunction prayed for by the Plaintiffs.
The Defendants have argued that serious harm will be suffered by them if they are not granted a suspensive appeal and further, that failure to suspend the injunction would render their appeal meaningless. This Court is not persuaded by such argument.
*626 The Defendants admittedly may be inconvenienced by having to cease operations in one location and begin in another. Although moving may cause some additional expense to Defendants, there is absolutely no evidence that they would suffer a loss of business or clients. Further, the Defendants are not being divested of their ownership in the subject lot and improvements. The property consisted of a residential home. Should they be successful in their devolutive appeal and have this Court’s judgment reversed need only begin their operation on the premises as before.
This Court cannot be sympathetic to any financial loss incurred by the Defendants when they knowingly and intentionally sought to circumvent the obligations they willingly assumed by purchasing the property burdened with restrictive covenants.
The Plaintiffs in this action are entitled to consideration and must not be ignored. Articles 775 et seq. of the Civil Code expressly establish the right of land owners to enforce restrictive covenants by injunction. Normally, injunctions issue only upon a showing of irreparable injury, La.CCP 3601. Evidently, realizing the right of landowners to peaceful, uninterrupted enjoyment of their home, the Legislature has eliminated the usual requirement of “irreparable injury” as a prerequisite to an injunction to protect restrictive covenants. La.C.C. 779.
Balancing the interests of the Plaintiffs in enforcement of the restrictions and peaceful enjoyment of their homes, against the interest of Defendants in continuing to violate the restrictions by operating their accounting practice on the subject property, this Court is not constrained to exercise its discretion by granting a suspension of the preliminary injunction pending appeal.
For the above and foregoing reasons, the Court has seen fit to deny Defendants’ request for a suspensive appeal.
HOUMA, LOUISIANA, this 21st day of January, 1981.
/S/ PAUL R. WIMBISH
PAUL R. WIMBISH
DISTRICT JUDGE - DIVISION “E”