ON MOTION TO DISMISS
COVINGTON, Judge.
Plaintiff-appellee moved to dismiss this appeal on the grounds that the ruling complained of is an interlocutory order designed to preserve the status quo pending trial on the merits. In the alternative, ap-pellee contends that, if the ruling is appeal-able, appellants are not entitled to a discretionary suspensive appeal because of their misuse of the judicial process, flagrant default on their obligations, and they have no *948 likelihood to prevail on the merits. Alternatively, mover asks that we vacate the stay order issued by the trial court.
Plaintiff is the contractor which built a $235,000.00 home for defendants. One year after the purchase, defendants stopped paying the mortgage notes because of alleged serious redhibitory defects in the building. Plaintiff sued for executo-ry process and defendants then sought to enjoin the seizure and sale, asserting claims for damages resulting from redhibi-tory defects. The trial court enjoined the sale but denied damages. Defendants appealed and this court affirmed.[1] Plaintiff then sought to lift the injunction preventing the seizure and sale of the house. The trial court denied the motion to lift the injunction, but ordered defendants to make all past-due payments and henceforth pay a rental equivalent to the amount of the note; in default thereof, the court decreed the injunction would be lifted. The court then granted defendants a suspensive appeal of this ruling.
Initially, it should be noted that defendants-appellants argue that appellee waived its right to request the appeal be dismissed by simultaneously filing an answer to the appeal and the motion to dismiss, citing several cases which indicate this result. The cases cited in brief refer to technical irregularities with the filing of the appeal, and not to a jurisdictional issue. This court could have noted the interlocutory status of the ruling ex proprio motu. Although appellees’ brief quotes some rather broad language indicating to the contrary, we do not believe the simultaneous filing of an answer with its motion to dismiss should be considered a waiver of the right to argue the appealability of the ruling at issue.
Appellant argues the trial court’s order of April 25, 1984 is not appealable under C.C.P. art. 3612 because it does not vacate the preliminary injunction. That article reads, in pertinent part, as follows:
There shall be no appeal from an order relating to a temporary restraining order.
An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction, but such an order or judgment shall not be suspended during the pendency of an appeal unless the court in its discretion so orders.
This article grants a party affected by an order or judgment relating to an injunction the right to appeal that order or judgment. There is no authority for plaintiff’s argument that the order must vacate the preliminary injunction in order to be appealable.
The ruling complained of was issued in response to plaintiff’s motion to vacate the injunction, and was issued to protect plaintiff’s position while maintaining defendant’s injunction. It relates to the injunction and is appealable in connection therewith.
Plaintiff further argues that, if the ruling should be considered appealable, the trial court abused its discretion by permitting defendants to take a suspensive appeal.
Whether or not to grant a suspen-sive appeal from a preliminary injunction is a matter which addresses itself to the court’s discretion. Schwab v. Kelton, 399 So.2d 624 (La.App. 1st Cir.1981); C.C.P. art. 3612. All matters and things which induced the trial judge to grant or deny a suspension of the injunction pending appeal are relevant and should be considered by the reviewing court to determine whether there has been an abuse of the discretion he is authorized to exercise in such matters. Board of Supervisors of Louisiana State University v. Lewark, 281 So.2d 706 (La.1973). In the absence of a showing to the contrary, all of the evidence considered by the trial court in granting the injunction had some influence upon the exercise of that discretion. Id.
*949 The transcript of the hearing on the motion to vacate the preliminary injunction indicates the trial judge was very familiar with the facts and equities of this case, having heard the matter twice before. Although the trial court fashioned an equitable remedy by his order requiring defendant to pay rent on the property, and then suspended it pending appeal, there is no showing the court abused its discretion in granting the suspensive appeal, or that plaintiff can not be adequately compensated in the event defendants do not prevail on appeal.
Plaintiff suggests a four part standard for the determination of whether a suspen-sive appeal should issue, in which the following factors are to be considered:
(1) The likelihood that the moving party will ultimately prevail on the merits of the appeal;
(2) the extent to which the moving party would be irreparably harmed by the denial of the stay;
(3) the potential harm to the opposing party if the stay is issued, and
(4) the public interest.
The case cited for this standard is a federal, Florida case wherein the issue was the propriety of an injunction which suspends enforcement of a criminal ordinance. There is no authority for the application of this standard in a case such as the instant action.
In connection with his argument that the trial court should consider the four factors enumerated above, plaintiff also submits and briefs several theories in support of that cause. Those arguments are in essence addressed to the merits of the injunction, and apply to the instant matter only insofar as they tend to support a showing that the trial court abused its discretion in granting the suspensive appeal.
Although plaintiff makes much note of his financial plight, and attempts to illustrate bad faith on the defendants’ part, the transcripts of the proceedings indicate both sides have suffered somewhat because of the actions of the opposing party. No abuse of discretion has been presented by the granting of a suspensive appeal. The motion is denied, at mover’s costs.
MOTION DENIED.

. The underlying facts are presented in Fred H. Moran Construction Corp. v. Elnaggar, 441 So.2d 260 (La.App.lst Cir.1983), writ denied, 444 So.2d 1231 (La. 1984).