399 So.2d 1288 (1981)
L. J. DUROUSSEAU
v.
LOUISIANA STATE RACING COMMISSION.
No. 11961.
Court of Appeal of Louisiana, Fourth Circuit.
June 2, 1981.
*1289 William J. Guste, Jr., Atty. Gen., John E. Jackson, Jr., Asst. Atty. Gen., New Orleans, for Louisiana State Racing Commission.
Michael F. Escudier, Arabi, for plaintiff-appellee.
Before BOUTALL, SCHOTT and BARRY, JJ.
SCHOTT, Judge.
The Louisiana State Racing Commission has appealed from the judgment in favor of plaintiff, L. J. Durousseau, declaring as invalid a decision of the commission upholding the one year suspension of Durousseau as a jockey. The issue in this court is whether the trial court properly invalidated the commission's decision on the basis that the commission violated LSA R.S. 4:154(F) by not issuing a written decision within 48 hours after Durousseau's appeal to the commission was heard.
After the tenth race on March 7, 1979, Durousseau was approached by two security personnel demanding that he show them what was in his left hand. Durousseau refused to submit to this search. On the following day a hearing was conducted by the stewards, after which they issued ruling No. 270, suspending Durousseau as a jockey for one year because of his refusal to submit to the search. Durousseau appealed this ruling to the commission pursuant to R.S. 4:154 and the commission held a hearing on March 29. At the conclusion of the hearing a motion was adopted by the commission upholding ruling No. 270. On April 27 a petition for review of the commission's decision was filed in the district court.
The petition for review contains allegations and arguments that the commission acted arbitrarily, capriciously and unreasonably, it exceeded its statutory authority by promulgating rules of racing without compliance with R.S. 49:958, it abused its discretion, and the rule under which Durousseau was disciplined for refusing to submit to a search is unconstitutional by virtue of the federal and state constitutions.
Immediately upon the filing of Durousseau's petition the trial court stayed the commission's decision and the stewards' ruling suspending Durousseau, pending his appeal for judicial review, and on December 3, 1979, the court rendered its judgment invalidating the decision of the commission with the following reasons:
"However, the hearing was held on March 29, 1979, but the findings and decision *1290 on final appeal was not rendered until May 4, 1979, some seven days after the petition for review of the administrative ruling was filed in Civil District Court from the oral ruling of the commission.
LSA-R.S. 4:154(F) provides that the Commission must render a decision within forty-eight (48) hours following the conclusion of the appeal hearing. Although there was an oral motion at the conclusion of the hearing upholding the ruling of the stewards, the Court interprets the requirements of R.S. 4:154(F) as requiring a written decision within forty-eight (48) hours.
Accordingly, since the statutory mandate has not been followed there is no valid decree of the Louisiana State Racing Commission that suspends the petitioner from performing his duties as a jockey and enjoying all privileges of racing tracks under the jurisdiction of the Louisiana State Racing Commission."
The trial court did not address the issues raised by Durousseau in his petition for judicial review and these issues were not raised in his brief to this court. The commission's brief is likewise limited to the issue discussed in the trial court's reasons for judgment. Therefore, we do not consider that the original issues raised by Durousseau are before us on appeal and we confine our consideration to the reasons for judgment assigned by the trial judge.
R.S. 4:154 provides in part as follows:
"A. Except as otherwise provided by this Section, the commission's hearing, practice and procedure and rule making procedure are as provided in Title 49, Chapter 13, administrative procedure act, R.S. 49:951, et seq."
"F. The commission must grant a hearing within ten days of the receipt of this appeal, and must render a decision within forty-eight hours following the conclusion of the appeal hearing. Any continuance of a hearing must be reasonable in duration and for just cause.
R.S. 4:154(F) standing alone does not require that the commission render a written decision as the trial judge found to be necessary. However, Durousseau argues and presumably the trial court agreed that this section must be read in conjunction with pertinent sections of the Administrative Procedure Act of which R.S. 49:958 provides as follows:
"A final decision or order adverse to a party in an adjudication proceeding shall be in writing or stated in the record. A final decision shall include findings of fact and conclusions of law. Findings of fact if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings."
However, neither does this statute require the decision be in writing, but it affords an option to the agency to state its decision in the records. Thus, the commission complied with the statute.
The record shows that the hearing before the commission began with the following statement by the attorney for the commission:
"Mr. Chairman, Members of the Commission, this involves Fair Grounds Ruling Number 270, dated March the 8th, 1979. After the Tenth Race on March the 7th, 1979, Jockey Durousseau refused to be subjected to search of his person. And, as a result thereof, he was suspended by the stewards under the ruling, and the matter referred to the Louisiana State Racing Commission."
The first witness called by the commission was B. B. Rayburn, Jr., State Steward at the Fairgrounds Race Track. He testified that he was one of the stewards who issued Ruling No. 270. He read to the commission the report of the two security officers made on March 7 and he gave the commission a summary of the testimony given by Durousseau and the two security officers at the hearing before the stewards on March 8. Rayburn testified to the commission that the ruling of the stewards was as follows:
"Ruling Number 270, dated 3/8/79, Jockey L. J. Durousseau is suspended for refusing *1291 to be searched after the Tenth Race on 3/7/79. His case is referred to the Louisiana State Racing Commission for any further action they deem necessary. During suspension, he is denied the privileges to the grounds of all racetracks under the supervision of the Louisiana State Racing Commission. Violation of Rule LAC 11-6-53, 53.25."
At the conclusion of the hearing motion was made, seconded and adopted by the commission upholding the ruling of the stewards.
The motion to uphold the ruling incorporated that ruling by reference and the ruling itself contains findings of fact and conclusions of law, such as to be in compliance with R.S. 49:958.
Durousseau makes much of the fact that after he filed his petition for judicial review on April 27, 1979, the commission on May 4, 1979, issued a document entitled Findings and Decision on Final Appeal. Durousseau contends that this was a belated attempt on the part of the commission to comply with both R.S. 4:154(F) and R.S. 49:958 by rendering a written decision with findings of fact and conclusions of law within 48 hours following the conclusion of the appeal hearing. But in our view the commission had already complied with the law and the subsequent document of May 4 was not required.
We also take note that R.S. 49:964(G) provides that in the judicial review of an adjudication proceeding the court may reverse the decision of the agency "if substantial rights of the appellant have been prejudiced." Even if our conclusion that the commission followed the law were erroneous a reversal of the commission's decision would not be warranted because Durousseau's substantial rights were not prejudiced. He was adequately informed of the charge brought against him by the security officers and of the action taken by the stewards. He was afforded a complete and unrestricted opportunity to present evidence in his behalf before the commission, he was represented by counsel, he was afforded confrontation and the right of cross examination as to all the adverse witnesses, and he took a timely appeal for judicial review with full knowledge of the commission's decision as well as its findings of fact and conclusions of law. Had the commission issued its written findings of fact within 48 hours after the decision was made rather than on May 4 Durousseau would have had no more information on which to base his appeal. There is no suggestion in Durousseau's brief or argument of any prejudice to his substantial rights because of the alleged tardiness of the narrative report by the commission. In effect, he argues that the commission's technical violation warranted a reversal of the commission's decision by the trial court. We hold that this is inconsistent with R.S. 49:964(G).
Accordingly, the judgment of the district court is reversed and set aside. There is judgment in favor of Louisiana State Racing Commission and against L. J. Durousseau, dismissing his petition for judicial review and affirming the decision of the Louisiana State Racing Commission suspending Durousseau as a jockey for one year. All costs of these proceedings are taxed against L. J. Durousseau.
REVERSED AND RENDERED.