433 So.2d 1123 (1983)
William I. FOX
v.
LOUISIANA STATE RACING COMMISSION.
No. CA 0410.
Court of Appeal of Louisiana, Fourth Circuit.
May 27, 1983.
Rehearings Denied July 26, 1983.
*1124 Salvador Anzelmo, Thomas W. Milliner, New Orleans, for plaintiff/appellee.
William J. Guste, Jr., Atty. Gen., Robert A. Barnett, Staff Atty., and John E. Jackson, Jr., Asst. Atty. Gen., New Orleans, for defendant/appellant.
Lunn, Irion, Switzer, Johnson & Salley, Charles W. Salley and James B. Gardner, Shreveport, for intervenor/appellant, Louisiana Downs, Inc.
Before REDMANN, GARRISON and CIACCIO, JJ.
CIACCIO, Judge.
This is an appeal from a decision of the district court, reviewing a decision of the Louisiana State Racing Commission and granting judgment as follows:
1. Denying and dismissing various exceptions, including an exception of prescription.
2. Reversing the December 17, 1981 decision of the Louisiana State Racing Commission which sanctioned the action of Louisiana Downs in excluding plaintiff from registering horses at Louisiana Downs.
3. Enjoining Louisiana Downs and the Racing Commission from excluding plaintiff from registering horses at Louisiana Downs.
From that judgment, Louisiana Downs and the Louisiana State Racing Commission appeal.
Both appellants raise substantially the same issues:
1. Did William Fox timely file his petition for judicial review?
2. Does Louisiana Downs have a basic proprietary right as a private corporation to deny racing privileges to William Fox unilaterally for its own reasons?
3. Did Louisiana Downs and the Louisiana State Racing Commission act properly in denying racing privileges to William Fox?
4. Did the evidence sufficiently support the trial court's issuance of a preliminary injunction?
On the issue of the timeliness of the filing of Mr. Fox's petition for judicial review, the trial court gave the following written reasons for judgment:

REASONS FOR JUDGMENT
The Court submits the following reasons for judgment.

ISSUE NUMBER 1: IS THE APPEAL OF WILLIAM FOX UNTIMELY?
Louisiana Downs intervened and asserted exceptions of prescription to the *1125 request of William Fox for a Judicial Review of the Louisiana State Racing Commission (hereinafter referred to as LSRC) decision orally rendered on December 17, 1981.
The LSRC also filed exceptions of prescription and no right and/or cause of action to petitioner's request for judicial review and injunctive relief.
RS 49:964(B) provides that a petition seeking judicial review of an agency decision may be instituted by filing a petition in the District Court of the agency's domicile "within 30 days after mailing of notice of the final decision of the agency or, if a rehearing is requested, within 30 days after the decision there on ..."
The exception of prescription is procedural but imposes upon the pleader the burden of proving the facts which operate as a procedural bar to an otherwise valid cause of action. Gallo v. Sorci, 221 So.2d 570 (4th Cir., 1969). Therefore, the burden of proof is on the LSRC and Louisiana Downs (hereinafter referred to as LD) to prove by a preponderance of the evidence that the petitioner has not timely filed this petition seeking judicial review and injunctive relief.
The record shows that a hearing was held by the LSRC on December 17, 1981, and at the conclusion of that hearing a motion was made and passed to uphold the action taken by LD excluding petitioner from racing horses at LD for an indefinite period of time.
On January 4, 1982, the LSRC made a final written "Findings and Decision on Final Appeal."
On February 22, 1982, counsel for petitioner, Mr. Anselmo, wrote a letter requesting a reconsideration of the December 17, 1981 decision.
On April 16, 1982, the LSRC considered the request for reconsideration and denied it.
On April 27, 1982, petitioner filed this petition seeking injunctive relief and a reversal of the decision of the LSRC of December 17, 1981.
Petitioner at the hearing before this Court on May 28, 1982, introduced affidavits of himself and his attorney who represented him before the LSRC, William Bennett. These affidavits stated that the written "Findings and Decision ..." were written on January 2, 1982, but were received on March 8, 1982, in envelopes with a postmark of March 4, 1982.
A pleading filed on behalf of the Attorney General, State of Louisiana, entitled "Return to Rule to Show Cause and Response in Behalf of the Attorney General, State of Louisiana" was filed on May 14, 1982, and had attached to it as exhibit "A" a copy of the "Findings and Decision on Final Appeal" by the LSRC dated January 4, 1982, and also had on it in the lower left corner a "Received" stamp indicating receipt of that document on March 8, 1982, with the initials LISJ and S. During the hearing on May 28, Mr. Gardener, counsel for LD identified the initials on the "Received" stamp as belonging to his law firmLunn, Irion, Switzer, Johnson and Salley.
LD offered no evidence with respect to the timely mailing of the "Final Decision."
In a supplemental memorandum filed on behalf of the LSRC and the Attorney General on June 2, 1982, it was admitted that the LSRC file does not establish the date upon which a copy of the decision was mailed.
Accordingly, the Court concludes that not only did the LSRC and LD fail to carry their burden of proof, but the evidence introduced clearly shows that the notice of final decision by the LSRC was written on January 4, 1982, but was not mailed until March 4, 1982, and not received by petitioner or his attorney until March 8, 1982.
The LSRC subsequently held a reconsideration on April 16, 1982, but refused to reverse its prior ruling, Accordingly, the petitioner then filed a petition to seek a reversal of the December 17th ruling by the LSRC on April 27, 1982, which was within the 30 day period following a decision on a rehearing. RS 49:964(B).

*1126 Therefore, petitioner's suit for judicial review and injunctive relief is timely filed.
Arguing the error of the trial court's findings and conclusions, the appellants cite Durousseau v. Louisiana State Racing Commission, 399 So.2d 1288 (La.App. 4th Cir. 1981), for the proposition that a decision of the Commission need not be in writing but may be stated into the record. We do not disagree with appellant's expression of the Durousseau holding, but find the dictates of that case inapplicable to the present issue of timeliness.
The trial court made certain factual findings which findings will not be disturbed on appeal absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973). We have reviewed the record and we do not find that the factual findings of the trial judge were manifestly erroneous.
La.R.S. 49:964(B) requires filing of a petition for review in the district court within 30 days after mailing of notice of the final decision or within 30 days after the decision on rehearing. Weiner v. Board of Trustees of the New Orleans Police Pension Fund, etc., 360 So.2d 615 (La.App. 4th Cir. 1978). Appellants raise the issue of whether Fox timely applied to the Commission for a rehearing. The trial court made a finding of fact that the written notice required by La.R.S. 49:964 was not mailed until March 4, 1982, and we find no error in this finding. The request for rehearing was filed prior to this date and therefore, met the requirements for timely filing. Moreover, the trial court found that the Commission held the requested rehearing on April 16, 1982. Fox subsequently filed his petition for judicial review on April 27, 1982, which was well within the 30 days following a decision on rehearing. Accordingly, we agree with the trial court that Fox timely filed this petition in the district court and affirm the judgment denying the exception of prescription.
Next, we address the issue, "Does Louisiana Downs have a basic proprietary right as a private corporation to deny racing privileges to William Fox unilaterally for its own reasons?" While we are not unmindful of the decisions of the courts of other jurisdictions recognizing such a proprietary right, e.g., Arone v. Sullivan County Harness Racing Association, 90 A.D.2d 137, 457 N.Y.S.2d 958, State of New York, Supreme Court, Appellate Division, Third Department (1982); Evans v. Arkansas Racing Commission, 270 Ark. 788, 606 S.W.2d 578 (1980); Martin v. Monmouth Park Jockey Club, 145 F.Supp. 439 (D.N.J. 1956), we hold that under the Louisiana statutory scheme and the public policy expressed therein, Louisiana Downs does not have a proprietary right, for its own reasons, to unilaterally exclude a permittee of the Louisiana State Racing Commission from its racetrack.
Under La.R.S. Title 4, Chapter 4, Part 1, "Horse Racing," only the stewards and the Commission have authority to deny a permittee access to or racing privileges at any racing facility under the jurisdiction of the Commission.
This authority is granted to the stewards by La.R.S. 4:172 as follows:
A. In the matters pertaining to racing, the orders of the stewards supersede the orders of the officers and directors of the association and the stewards shall have supervision of the daily conduct of racing. The stewards have full authority to investigate, inspect, search and inquire into all matters under their supervision.
* * * * * *
C. The stewards have general supervision over all personnel directly connected with racing and shall have access to all stands, weighing rooms, enclosures, etc., used for the purpose of racing and have the authority to determine all questions concerning entries and racing.
D. The stewards shall order ejected from the grounds of the association any improper or objectionable persons.
La.Act No. 779 of 1981, effective as of September 11, 1981, was enacted "to provide *1127 for the exclusion or ejection of persons from a race track...." Act 779, now La. R.S. 4:193 A and B, gave the Commission this authority:
Sec. 193 Categories of persons subject to exclusion and ejection; civil liberties
A. The commission shall adopt and promulgate rules and regulations establishing categories of persons who may be excluded or ejected from a track, race meeting, race, or licensed establishment. Such categories shall include, but shall not be limited to, categories of persons:
(1) Who are not of age.
(2) Who have been convicted of a felony under the laws of the United States, this state or any other state or country, or any crime or offense involving moral turpitude.
(3) Who are career or professional offenders as defined by regulation of the commission.
(4) Who are of notorious or unsavory reputation or whose presence, in the opinion of the commission, would be inimical to the state of Louisiana and its citizens or to the track, meeting, race, or licensed establishment, or to both.
(5) Who have had a license or permit refused, suspended or withdrawn under R.S. 4:151.
B. No person may be excluded or ejected on account of race, color, creed, national origin, ancestry, or gender.
Section 2 of Acts 1981, No. 779, provided:
"Nothing contained in the provisions of this Act should in anyway affect or be construed to limit or modify the proprietary rights of any owner of any establishment licensed to operate or conduct any exotic wagering or pari-mutuel wagering or pools."
By this opinion we do not limit the proprietary rights reserved by the section quoted above. We hold that these rights do not, and the Legislature did not intend these rights to extend to those persons licensed by the Louisiana State Racing Commission. This legislative intent was made evident by the passage of Act No. 629 of 1982 adding paragraph C to La.R.S. 4:193, which provides:
C. No permittee in good standing shall be denied access to or racing privileges at any racing facility except in accordance with the rules of the Louisiana Racing Commission.
Although not effective as of the date of this controversy, La.Act 629 of 1982 states the law as of this date, and for the future, unless and until it is legislatively modified.
The events preceding the Commission hearing were described by the trial court in his reasons for judgment:
"[Louisiana Downs] in a letter dated September 15, 1981, stated reasons why it unilaterally suspended the right of [Fox] to register horses at the track.
"[Fox] appealed this decision to the stewards. However, two stewards recused themselves without appointing deputies and the remaining steward voted to overturn the expulsion order by Louisiana Downs. R.S. 4 172 (I, L)
"[Fox] then appealed to the Louisiana State Racing Commission] which heard the appeal on December 17, 1981, and affirmed the [Louisiana Downs] expulsion order by a vote of 5 to 4."
The stewards did not vote to exclude Fox. In fact, the one steward who rendered a decision voted not to exclude Fox. Louisiana Downs' unilateral exclusion of Fox was contrary to law. The Louisiana State Racing Commission cannot "affirm" an illegal act by Louisiana Downs. Consequently, the hearing wherein the Commission upheld the exclusion was also contrary to law.
While the Commission has the authority to exclude, the hearings involved in this case were not conducted pursuant to that authority. Our review of the record has revealed that the Commission conducted the hearing and rendered its ruling with the sole intention of determining whether Louisiana Downs would be permitted to exclude Fox.
The discussion of the Commissioners at the hearing and the language of the Commission's ruling indicate that the Commission *1128 did not conduct a hearing to determine whether it should order Fox's exclusion, nor did the Commission make any factual findings upon which a ruling could be based. The Commission only decided whether to allow Louisiana Downs to take unilateral action. From the transcript of the Commission proceedings:
"SECOND VICE-CHAIRMAN GREEN: I would like to move that the action of Louisiana Downs be upheld and that the ejection from Louisiana Downs be indefinitely acted upon." Tr. p. 229

"COMMISSIONER ALLEN: The motion is that the decision of Louisiana Downs be upheld and Mr. Fox be denied the right to race at Louisiana Downs indefinitely. That's the motion that was made and it was seconded by Mr. Jones." (Tr. p. 231, 1. 13

"MR. JACKSON: Uphold the action taken by Louisiana Downs in this matter and that the exclusion be indefinite." (Tr. p. 236, 1.16

"SECRETARY DELANEY: Motion carries five to four." (Tr. p. 238, 1.2

"CHAIRMAN GARRETT: Order, please. All right, the motion is carried. So ordered. All right, let's take a five minute recess." (Tr. p. 238, 1.4

Language from the Commission's "FINDINGS AND DECISION ON FINAL APPEAL":
After considering the pleadings, evidence, witnesses and arguments of counsel, the Commission finds as follows:
That Louisiana Downs had just cause for excluding William I. Fox from Louisiana Downs Race Track.
That action of Louisiana Downs excluding William I. Fox is upheld and that said exclusion of William I. Fox from Louisiana Downs Race Track is made indefinite.
We agree with the trial court that, if the Commission conducts a hearing to exclude a licensee, the appropriate procedure is provided for in The Administrative Procedure Act, La.R.S. 49:951 et seq. As the trial judge stated in his reasons for judgment:
"These statutory provisions require that the [Louisiana State Racing Commission] give notice to the licensee stating the facts or conduct which allegedly warrants the intended revocation or suspension of that person's license.
"In this case the notice to [Fox] stated nothing about the revocation or suspension of his license. The notice only refers to the exclusion of [Fox] by [Louisiana Downs]. Hence, by affirming the unilateral action by [Louisiana Downs] the [Louisiana State Racing Commission] has collaterally attacked [Fox's] license which he holds from the [Commission] but without holding a hearing specifically called for that purpose as required by RS 49:961(C)."
Having held that Louisiana Downs cannot unilaterally exclude a permittee of the Louisiana State Racing Commission, we affirm the judgment of the trial court setting aside the decision of the Commission on December 17, 1981, which upheld the illegal unilateral action.
Appellants further urge us to sustain the decision of the Commission, because the evidence at the hearing established "just cause" for Fox's exclusion. However, the hearing was not properly conducted to make a determination of "just cause". Additionally, the commission made no factual findings upon which a determination of "just cause" could be made. Consequently, the issue of "just cause" is not properly before us, and we do not decide whether the conduct of Fox would have been "just cause" for disciplinary action if the proper procedure had been followed.
For the foregoing reasons we find no error in the trial court's issuance of a preliminary injunction effective until further orders of the court, except that the court should have required security as the injunction is not and cannot be effective until the security is posted as required by La.C.C.P. Art. 3610. Accordingly, we remand the case to the trial court for further proceedings in accordance with the views expressed herein.
AFFIRMED AND REMANDED.