GROVER L. COVINGTON, Chief Judge.
This action commenced as a suit for exec-utory process on a mortgage note for failure to timely make an installment payment brought by plaintiff, Fred H. Moran Con *322 struction Corporation, against defendants, Hameed A. Elnaggar and Kathleen Jordan Elnaggar. The defendants sought injunction of the seizure and sale under the exec-utory process, based on prematurity and extension of due date, redhibitory defects in the property sold and mortgaged, and signatures of purchasers-mortgagors procured by unlawful means. The defendants also sought damages for the wrongful seizure.
Following a hearing, the trial court granted a preliminary injunction, without bond, enjoining the seizure and sale of the subject property, and denying the demands for damages and attorney fees.
The Elnaggars appealed that portion of the judgment which denied them damages and attorney fees. Moran answered the appeal.
Subsequently, this appeal court affirmed the judgment granting injunctive relief. A rehearing was denied and application for writs to the Supreme Court was denied.
The plaintiff then filed in the trial court a motion to vacate the preliminary injunction based on the allegations that the defendants have continued to refuse payment on the note.
The trial court, after hearing which showed that the Elnaggers have made no payment since April 5, 1983 ordered the defendant Elnaggar “to make all past due payments of the note owed to the Fred H. Moran Construction Corporation by the 15th day of May, 1984. In default thereof, this Court will vacate and set aside the previously issued preliminary injunction which enjoined the sale of Mr. Elnaggar’s property.”
The Elnaggars suspensively appealed this order, alleging “irreparable injury.” The district court also stayed all further proceedings.
Certain phases of these proceedings have been before this Court on previous occasions.[1] Having denied the motion to dismiss this appeal, we now consider the issue presented to us at this stage of the proceedings: whether the preliminary injunction granted in these proceedings should have been subsequently modified or clarified by the trial court.
Injunctive relief, whether temporary, preliminary or permanent, is an equitable remedy. It may order the party against whom it is directed to do something or to not do something. In the instant case, the trial court ordered the plaintiff to not proceed with the sale and seizure of the mortgaged property under executory process until the court decided whether the defendants had a valid defense to the nonpayment of the installments on the mortgage note as they became due, such as one based on redhibitory defects sufficient to invoke rescission of the sale of the residence. This order was granted by the court pursuant to LSA-C.C.P. art. 3605.[2] The cited provision explains that the court is to describe in reasonable detail in its order the act or acts enjoined. Inherent in this explication is the power of the court to impose conditions on the parties and to set forth the manner in which its orders are to be carried out.
*323 All that the court has done in the instant case is to clarify its order of restraint to the plaintiff: Instead of you shall not foreclose, the order is now to the effect that you shall not foreclose if the defendants bring their payments current and continue paying pendente lite for their occupancy of the premises. The court necessarily maintains continuing jurisdiction over its orders of restraint so as to effectuate them consonant with the intent of the court in granting the restraint.
He who seeks equity must do equity. The mortgagors seek to restrain the mortgagee from depriving them of the mortgaged property pending their litigation of alleged redhibitory defects. The mortgagors cannot expect to have free run and free use of the mortgaged premises at the entire expense of the mortgagee over an extended period of time while the question of whether the alleged redhibitory defects, if proven, will warrant a rescission of the sale. The purpose of the restraint is to maintain the status quo between the parties as nearly as practicable, pending a decision on the merits of the case; so that when the issue has been finally resolved, it will not turn out to be moot. We approved the restraint in the instant case so that the mortgaged property would not be judicially sold before the defendants had an opportunity to present to the court their defense of redhibitory defects. We wanted to assure that the mortgaged property would still be available to either party when the court finally decided that there was merit in the defense of redhibition so that the sale could be rescinded; or there was partial merit in the defense so that the price of the sale could be reduced (with damages and expenses, if any); or that there was no merit in the defense so that the restraint could be dissolved and the seizure and sale could run its ultimate course of sale at public auction to the highest bidder (with deficiency judgment, if appropriate).
It is right and meet so to leave the parties in as equitable a situation as is possible under the circumstances, until the court has made up its mind on the merits of the case.
Thus, we hold that it was within the power of the trial court to modify and clarify its original order of restraint, so as to impose conditions on the continuation of the restraining order.
There is no merit to this appeal. The order of the trial court is affirmed, at the costs of the defendants, Hameed A. Elnag-gar, et al. All other costs are to await final determination of this case.
AFFIRMED.

. Appeal from injunctive relief (preliminary injunction, fees, costs, and denial of damages in Fred H. Moran Construction Corporation v. Elnaggar, 441 So.2d 260 (La.App. 1st Cir.1983), affirmed. Motion by mortgagee to dismiss appeal of defendants from court order to mortgagors to pay all past-due payments on the promissory note and rental equivalent to amount of note installments was denied in Fred H. Moran Construction Corporation v. Elnaggar, 458 So.2d 946 (La.App. 1st Cir.1984).

. LSA-C.C.P. art. 3605 provides:
Content and scope of injunction or restraining order
An order granting either a preliminary or a final injunction or a temporary restraining order shall describe in reasonable detail, and not by mere reference to the petition or other documents, the act or acts sought to be restrained. The order shall be effective against the parties restrained, their officers, agents, employees, and counsel, and those persons in active concert or participation with them, from the time they receive actual knowledge of the order by personal service or otherwise.