516 So.2d 119 (1987)
Ethel HALL, Natural Tutrix of Danielle Hall
v.
Daniel HALL, et al.
No. 87-C-2208.
Supreme Court of Louisiana.
December 11, 1987.
PER CURIAM.
Daniel Hall applies for writ of certiorari to the Court of Appeal, Fifth Circuit, Number 87-KA-212, Parish of Jefferson. Writ granted.
On June 2, 1983, Ethel Hall (an unmarried mother), as natural tutrix of then minor Danielle Hall, filed a petition for damages against Daniel Hall (alleged father of Danielle). It was alleged Daniel Hall had caused psychological damage to Danielle by thirteen specifically enumerated acts. On January 11, 1984 a supplemental petition was filed by Danielle, in her own name, substituting herself as party plaintiff because she had reached majority. Danielle was born September 22, 1965.
Several of the acts alleged in the petition were against third persons, with Danielle asking for damages for mental anguish due to her seeing the injuries being inflicted by the defendant upon the third persons. The trial court, with the court of appeal affirming, dismissed these counts on the ground there is no cause of action for the mental anguish in such a case. This portion of the judgment has not been challenged by the plaintiff.
The other acts in Danielle's petition alleged sexual abuse directly against Danielle by the defendant. The alleged acts commenced when Danielle was eight and *120 one-half years old, and continued until she was thirteen and one-half years old. The trial court dismissed these counts on the ground they were liberatively prescribed inasmuch as the suit was not filed until 1983, while the last alleged tort was in 1979. The court of appeal reversed, saying that prescription was suspended by Civil Code art. 3469 and did not begin to run until Danielle reached the age of majority.
The court of appeal erred in relying on La.Civ.Code Ann. art. 3469 (West Supp. 1987) (effective January 1, 1983 by Acts 1982, No. 187, § 1), holding that prescription for the alleged torts committed prior to 1979 was suspended and did not begin to run until September 22, 1983. In 1979 when the last alleged tort was committed, La.Civil Code Ann. art. 3541 (West 1953) (now repealed) applied.
La.Civ.Code Ann. art. 3541 (West 1953) provided:
The prescription mentioned in the preceding Article, those provided in Paragraphs I and II of Section Three of Chapter Three of this title, and those of thirty years, whether acquisitive or liberative, shall run against minors and interdicted persons, reserving, however, recourse against their tutors or curators.
La.Civ.Code Ann. art. 3536 (West 1953) provided:
The following actions are also prescribed by one year:
That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi offenses. (emphasis ours).
Article 3536 was located in § 1 of Section Three of Chapter Three of Title XXIII of the Civil Code. Thus, the prescriptive period set forth in Article 3536 ran against minors. See, Goodwin v. Bodcaw Lumber Co., 109 La. 1050, 34 So. 74 (1902); Gordon v. Coca-Cola Bottling Co., 408 So.2d 1007 (La.App.3d Cir.1982); Ayo v. Johns-Manville Sales Corp., 771 F.2d 902 (5th Cir. 1985).
Thus, plaintiff's cause of action was barred by liberative prescription prior to January 1, 1983, when La.Civ.Code Ann. art. 3469 (West Supp.1987) became effective. The enactment of that article could not revive the already prescribed action.[1] Accordingly, defendant's exception of prescription is granted and plaintiff's petition is dismissed.
NOTES
[1] We note that La.R.S. 9:571 (West 1965) does not affect the outcome of this decision. Section 571 provides:

The child who is not emancipated cannot sue:
(1) Either parent during the continuance of their marriage, when the parents are not judicially separated; or
(2) The parent who is entitled to his custody and control, when the marriage of the parents is dissolved, or the parents are judicially separated.
In this case there was no marriage; therefore, Section 571 does not apply.