540 So.2d 425 (1989)
John DOE
v.
Reverend H. Doug AINSWORTH, et al.
No. CA 87 1749.
Court of Appeal of Louisiana, First Circuit.
February 28, 1989.
Kevin Patrick Monahan, Baton Rouge, for plaintiff-appellant John Doe.
*426 M. Michele Fournet and Kathleen Stewart Richey, Baton Rouge, for defendant-appellee The Reverend H. Doug Ainsworth.
Neil H. Mixon, Baton Rouge, for defendant-appellee Louisiana Assembly of the Church of God, Inc.
Lawrence A. Mann, New Orleans, for defendant-appellee The Chapelwood Church of God.
Robert Ledoux, Baton Rouge, for defendant-appellee The Executive Council of the Church of God, Inc.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
EDWARDS, Judge.
From a judgment sustaining defendant's peremptory exception of prescription, plaintiff appeals. We affirm, finding not applicable the doctrine of contra non valentem, which would have suspended the running of the prescriptive period.
Plaintiff filed suit against the defendants on November 21, 1985. Plaintiff's cause of action was premised on allegations that defendant, Reverend H. Doug Ainsworth, had sexually molested plaintiff while a minor and a member of defendant's church. The remaining defendants were listed as those either responsible for Ainsworth's placement in the Church or who knew or should have know of Ainsworth's homosexual tendencies.
Plaintiff's petition listed four dates when Ainsworth allegedly molested the minor. The last event occurring in the summer of 1979 when plaintiff was between his fifteenth and sixteenth birthday.
Plaintiff's amending petition alleged that the sexual molestation by defendant had caused plaintiff serious traumatic psychological injury which culminated in plaintiff's attempted suicide. The gist of this second petition was that Ainsworth's psychic, spiritual, and sexual control over the plaintiff had suppressed his ability to "perceive the defendant's wrongful conduct".
These new allegations were a clear attempt to suggest the rarely accepted doctrine of contra non valentem. Had plaintiff been successful, the one-year prescriptive period for delictual actions, would have been suspended until plaintiff had constructive notice of the tort or realization of damages. From the date that plaintiff had this constructive notice, the one-year period would begin to run.
On the face of the petition and the last date of molestation alleged therein, mid 1979, contrasted to the date of filing the lawsuit, November 1985, it is clear that the matter had prescribed.

LAW
Prescription runs against absentees, interdicts, incompetents and minors, unless exception is established by law. LSA-C.C. art. 3468. Thus plaintiff's cause of action in the present case would have expired in mid 1980, unless we find that contra non valentem should be applicable under the facts and evidence presented before us.
The Louisiana Supreme Court in Corsey v. State, Dept. of Corrections, 375 So.2d 1319 (La.1979), set out three circumstances in which the principle of contra non valentem has traditionally been applied.
(1) Where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) Where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; and (3) Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action. (Footnotes omitted).
The third exception was found to be applicable in Corsey, because Mr. Corsey was found to have organic brain damage after a stabbing attack by another inmate at Angola State Penitentiary. By the time he medically recovered from his extensive injuries, the one-year prescriptive period had run. In reversing the trial court, the Supreme Court stated:
As Justice Provosty stated for this court in Hyman v. Hibernia Bank & Trust, 139 La. 411, 417, 71 So. 598, 600 (1916), an "exception must be recognized, we *427 think, in a case like the present, where the inability of the plaintiff to act was brought about by the practice of the defendant. Otherwise, the defendants would be profiting by their own wrong a thing inadmissible in law."
To permit prescription to run under the present facts would permit a defendant with custody and control over a person he had tortiously injured to profit by his subsequent laxity in medical treatment, when (as here stipulated) the injured person's recovery of mental faculties was retarded beyond the prescriptive period. The plaintiff in these circumstances is doubly helpless to file suit by virtue both of his mental incapacity and also of his removal from the solicitous attention of relatives and friends who might act in his stead.
Corsey, 375 So.2d at 1324.
We are confronted with reviewing whether the facts and evidence support a finding that plaintiff should be also included in this third exception stated in Corsey.
The mass of plaintiff's allegations and evidence of a psychological domination by Ainsworth, which allegedly suppressed plaintiff's realization of the defendant's conduct, was based on visits by defendant to plaintiff after the last molestation. These visits were to plaintiff at his job, after plaintiff had left defendant's church and also included visits to the hospital, after plaintiff suffered a mental breakdown and attempted suicide. During one of these visits, Ainsworth asked forgiveness from plaintiff, and apologized to him. These periodical visits culminated with plaintiff requesting Ainsworth to perform plaintiff's wedding ceremony in the spring of 1983.
Except for his periods of hospitalization in 1982, when he discussed his homosexual experiences with both his parents and his psychiatrist, and another period of hospitalization in 1985, after an attempted suicide, plaintiff was employed and otherwise was a social person.
In a very recent factually similar case, the Third Circuit upheld a trial court's judgment dismissing a suit on an exception of prescription, finding almost identical evidence against the doctrine of contra non valentem. In Bock v. Harmon, 526 So.2d 292 (La.App. 3d Cir.1988), the children alleged their father, sexually molested them as minors. One child who alleged that the abuse took place as a minor was born on December 7, 1965. Thus the latest possible date for initiating his cause of action would be December 7, 1984, or one year after plaintiff became eighteen years of age. LSA-C.C. art. 3469. Suit was not filed until June 11, 1986, almost two years overdue.
In an attempt to suggest the applicability of contra non valentem, the Bock plaintiff presented expert psychological testimony that the defendant father's abuse had rendered plaintiff incapable of taking action any earlier. In particular, plaintiff stated he feared the embarrassment of announcing the sexual encounters and his belief that his father was omnipotent and untouchable by the law. During the period of time from reaching majority in 1983, plaintiff continued to live with his father and attended a semester at U.S.L. and then began working. In dismissing the plaintiff's suit on the defendant's peremptory exception of prescription, the Third Circuit stated:
Despite the horrible abuse inflicted by his father, Dr. Harmon was still Fred's father. We can fully understand the reluctance of a son to institute a civil action against his father. But it appears from the recordfrom a statement made by Fredthat he had never even conceived that it was possible to sue his father, have him arrested yes, but sue him, no. Despite the suppression of the memories of these experiences, there is no question but that Fred was fully aware of the illegality and perverse nature of the things his father did. His failure to file suit was due to a number of factors, including embarrassment, fear of ridicule, a distorted view of his father's power and accountability for his actions, as well as a general ignorance of his legal remedies as an injured party. We do not mean to deprecate the psychological *428 trauma Fred was experiencing but we are unable to apply the "exceptional" doctrine of contra non valentem to the facts of this case.
Bock, 526 So.2d at 297.
We find the facts in the present case quite similar in appearance to and requiring the same result as those found in Bock.
In another reported case, Laughlin v. Breaux, 515 So.2d 480 (La.App. 1st Cir. 1987), a woman brought a civil action for assault and battery against her former boyfriend. Her suit was filed on March 28, 1985 and alleged battery for over a period of time from December 1982 to February 1985. The defendant filed a peremptory exception as to all incidents prior to March 28, 1984; one year prior to the date of her filing. Although she alleged contra non valentem due to a battered woman's syndrome, the trial judge instructed the jury to disregard all incidents prior to March 28, 1984. In doing so the trial judge stated that plaintiff was running a business during the period prior to March, 1984 and visited a psychologist during that period and thus had constructive notice of the problem but continued to live with it.
In the present case, in his written reasons for judgment, the trial judge stated the following:
In this case, it is probable that the plaintiff was the victim of tortious conduct at the hands of the defendant. Frankly, that prospect is unfortunate but it is not the issue before the court at this time. Louisiana law provides that that prescription runs against all persons unless exception is established. To the contrary, in this case the evidence showed that commencing in December of 1982, plaintiff had detailed discussions with his parents and his psychiatrist regarding his sexual relationship with the defendant. Correspondingly, the evidence failed to disclose any action taken by or on behalf of defendants which in any way legally or practically estopped the plaintiff from filing a lawsuit.
We agree with his determination as to general constructive notice to all parties in as early as 1982 and that the defendant did nothing to restrain the plaintiff from filing his lawsuit any earlier.
For the foregoing reasons, we affirm the judgment of the trial court sustaining the defendant's exception of prescription. All costs of this appeal are hereby taxed to plaintiff/appellant.
AFFIRMED.