590 So.2d 601 (1991)
Jason CROSBY, Plaintiff-Respondent,
v.
Michael Wayne KEYS, et al., Defendants-Applicants.
Randy CROSBY, Plaintiff-Respondent,
v.
Michael Wayne KEYS, et al., Defendants-Applicants.
Nos. 23,082-CW, 23,083-CW.
Court of Appeal of Louisiana, Second Circuit.
September 10, 1991.
Rehearing Denied October 24, 1991.
Writ Denied February 21, 1992.
William A. Barton, Newport, Or., Wellborn Jack, Jr., Shreveport, for plaintiff-respondent.
Lunn, Irion, Johnson, Salley & Carlisle by James B. Gardner, Shreveport, for defendants-applicants.
Before MARVIN, SEXTON and NORRIS, JJ.
*602 SEXTON, Judge.
Having granted the writ herein to consider the prescription issue, we make the writ peremptory, reverse the judgment of the trial court, and remand for reconsideration.
The party pleading prescription has the burden of proof. Langlinais v. Guillotte, 407 So.2d 1215 (La.1981); Mangham v. B. & C. Wood Company, Inc., 561 So.2d 822 (La.App.2d Cir.1990), writ denied, 566 So.2d 984 (La.1990). Once a defendant makes a prima facie showing that a plaintiff's claims have prescribed, the burden shifts to the plaintiff to show the suspension or interruption of prescription. McClelland v. Jarrell's, Inc., 493 So.2d 762 (La.App.2d Cir.1986), writ denied, 496 So.2d 356 (La.1986); Richland Parish Hospital Service District # 2 v. Hanover Insurance Companies, 486 So.2d 1079 (La.App.2d Cir. 1986).
The burden of proof of prescription is by a preponderance of the evidence. M.H. Nahigian, Inc. v. Haddad, 205 La. 1009, 18 So.2d 598 (1944); Smith v. Ly, 470 So.2d 326 (La.App. 5th Cir.1985); Fox v. Louisiana State Racing Commission, 433 So.2d 1123 (La.App. 4th Cir.1983), writ denied, 441 So.2d 217 (La.1983). In the instant case, the trial court erred in requiring the defendants to prove plaintiffs' claims had prescribed "beyond a reasonable doubt." We therefore reverse and remand[1] to allow the trial court to reconsider the prescription issue under the appropriate burden of proof, in light of the following observations.
The record fails to reflect the trial court's ruling on the defendants' hearsay objection to the deposition testimony of Dr. Alexander Zaphiris. The trial court should rule on this objection before considering the prescription exception.
We further observe that the doctrine of contra non valentem, as enunciated in Corsey v. State, Department of Corrections, 375 So.2d 1319 (La.1979), is not applicable to the instant case. Even though the alleged sexual abuse may have caused psychological injury, contra non valentem should not be applied where there is no evidence that the defendants took any action to prevent the plaintiffs from filing suit. Doe v. Ainsworth, 540 So.2d 425 (La.App. 1st Cir.1989), writ denied, 542 So.2d 511 (La.1989); Bock v. Harmon, 526 So.2d 292 (La.App. 3rd Cir.1988), writ denied, 531 So.2d 275 (La.1988).
We also conclude that the defendants' failure to either warn or to protect plaintiffs from the acts of sexual abuse did not constitute a continuing tort. When damaging conduct is of a continuing nature, prescription does not begin to run until the date of the last harmful act. South Central Bell Telephone Company v. Texaco, Inc., 418 So.2d 531 (La.1982). However, the continuing tort doctrine requires not only that the tortious conduct be of a continuing nature, but also that it give rise to successive damages from day to day. Devoke v. Yazoo & M.V.R. Co., 211 La. 729, 30 So.2d 816 (1947); Wilson v. Hartzman, 373 So.2d 204 (La.App. 4th Cir. 1979), writ denied, 376 So.2d 961 (La.1979).
Here the damages from the defendants' failure to warn and/or protect are inextricably linked to the damages from the acts of sexual abuse. The damages from intermittent or sporadic acts of sexual abuse arise independently from each act of abuse and are not successive damages that arise from a continuing tort. Cf. Laughlin v. Breaux, 515 So.2d 480 (La.App. 1st Cir. 1987). There, incidents of physical and verbal abuse inflicted repeatedly upon a plaintiff by her former boyfriend were held not to constitute a continuing tort because the damages from the repeated acts of sexual abuse were not of a continuing nature in Laughlin. We must find that the damages attributed to the defendants' failure to warn or protect the plaintiffs from that abuse were not of a continuing nature. Thus each alleged act is a separate tort, the *603 prescription for which is determined from the date of the alleged act.[2]
Finally, we note that the trial court's reliance on the doctrine of unclean hands that is, one who seeks equity must do equity, and one who comes into court with unclean hands will not be availedshould not have been applied to the defendants. Matheson v. Placid Oil Co., 212 La. 807, 33 So.2d 527 (1947); Fred H. Moran Construction Corporation v. Elnaggar, 473 So.2d 321 (La.App. 1st Cir.1985). Defendants have not asserted this equitable doctrine, and defendants' allegedly unclean hands are therefore not at issue.
The trial court judgment overruling the exceptions of prescription filed by Norwela Council, Inc. and the Boy Scouts of America, Inc. is reversed, and the case is remanded for reconsideration of the prescription issue applying the appropriate burden of proof, in the light of this opinion.
WRIT GRANTED AND MADE PEREMPTORY.
NOTES
[1] Due to the application of the erroneous burden of proof, we are unable to evaluate the trial court's factual findings and credibility determinations. A remand is therefore appropriate.
[2] However, assuming the trial court finds that some, but not all, of the claims have prescribed, evidence of the prescribed claims may nevertheless be admissible at trial to aid the trier of fact in the assessment of damages. See Laughlin v. Breaux, supra at 483-4.