615 So.2d 8 (1993)
Sandra Graham BISHOP, Plaintiff-Respondent,
v.
Dr. E.C. SIMONTON, et al., Defendants-Applicants.
No. 24199-CW.
Court of Appeal of Louisiana, Second Circuit.
February 24, 1993.
Writ Denied May 7, 1993.
*9 Perrin, Landry, deLaunay & Durand by Warren A. Perrin, Lafayette, for plaintiff.
Lunn, Irion, Johnson, Salley & Carlisle by James B. Gardner, Shreveport, for defendant, P & S Hosp.
Cook, Yancey, King & Galloway by Cynthia Anderson and Hershel E. Richard, Jr., Shreveport, for defendant, Dr. Simonton.
Before MARVIN, NORRIS and HIGHTOWER, JJ.
HIGHTOWER, Judge.
In this medical malpractice action, we exercised supervisory jurisdiction to address the contention of Physicians and Surgeons Hospital ("P & S"), one of the defendants, that the trial court improperly rejected a peremptory exception of prescription. Finding error in the retroactive application of the 1991 amendments to LSA-R.S. 40:1299.41(G) and 40:1299.47(A)(2)(a), we make the writ peremptory and reverse.

FACTS AND PROCEDURAL HISTORY
In early July 1985, plaintiff, Sandra Bishop, required repair of ligament damage caused when a horse fell on her leg. Dr. E.C. Simonton, who had previously treated her for other problems, performed the necessary procedure at P & S. During the course of this operation, the end of a drill bit broke off and became lodged in the patient's right knee. According to Bishop, after the surgery she became aware of a *10 foreign object in the region of that joint, but the doctor led her to believe it to be a surgical staple and of no consequence. In 1986, after changing physicians in connection with a move from Shreveport to Hot Springs, plaintiff's complaints of pain prompted further surgery in December of that year. Subsequently, she learned the true identity of the offending item.
Thereafter, on March 6, 1987, against Dr. Simonton, a qualified health care provider, and his clinic, plaintiff complained to the office of the Commissioner of Insurance pursuant to LSA-R.S. 40:1299.41, et seq. In response, the surgeon filed an exception of prescription with the district court, as authorized by LSA-R.S. 40:1299.47(B)(2)(a). That tribunal, upon finding Bishop did not possess the necessary knowledge to trigger the running of prescription until sometime after her final visit to Dr. Simonton on March 10, 1986, overruled the physician's objection.
Completion of the medical review panel assigned to hear this initial complaint occurred with the seating of its last member on March 30, 1988. Once that body reached its decision in late May 1991, Bishop instituted suit against Dr. Simonton and his clinic on July 22, 1991. Thereafter, plaintiff's heirs, substituted as parties due to their mother's death in an unrelated incident, filed a supplemental and amending petition on September 6, 1991, naming P & S as a defendant for the first time.
Immediately, the hospital filed a peremptory exception of prescription, which the district judge overruled, relying upon the fourth circuit's opinion in Graham v. St. Charles General Hospital, 590 So.2d 818 (La.App. 4th Cir.1991). P & S, asserting error in the trial court's retroactive application of the 1991 amendments to LSA-R.S. 40:1299.41(G) and 40:1299.47(A)(2)(a), subsequently applied for writs.

DISCUSSION
Of course, it is the exceptor who ordinarily must show the action barred by prescription. Manning v. Scott-Hixon-Hopkins, Inc., 605 So.2d 233 (La.App. 2d Cir.1992); Crosby v. Keys, 590 So.2d 601 (La.App. 2d Cir.1991), writ denied, 593 So.2d 373 (La.1992). However, when the petition reveals prima facie that the claim has prescribed, the burden shifts to the plaintiff to demonstrate suspension or interruption of the prescriptive period. Lima v. Schmidt, 595 So.2d 624 (La.1992).
A medical malpractice action must be filed within one year from the date of the alleged act, omission, or neglect, or within one year of the date of discovery, but in all instances such claims shall at the latest be filed within a period of three years from the date of the alleged act, omission, or neglect. LSA-R.S. 9:5628(A).
Here, the act of alleged malpractice occurred in July 1985. Thus, irrespective of when Bishop discovered the drill bit lodged in her knee, her claim would have facially prescribed in July 1988, more than three years before her children filed suit against P & S. Relying upon LSA-R.S. 40:1299.41(G) and LSA-R.S. 40:1299.47(A)(2)(a), however, respondents argue that suspension of the prescriptive period occurred.
Before its 1991 amendment, LSA.R.S. 40:1299.41(G) allowed for suspension of prescription with regard to certain solidary obligors as follows:
G. Notwithstanding the provisions of Subsection D, the running of prescription against a health care provider who is answerable in solido with a qualified health care provider against whom a claim has been filed for review [by medical review panel] shall be suspended for a period of ninety days after a panel is formed under the provision of this Part, provided a claim is made against the in solido obligor either under the provisions of this Part or in a court of law within the ninety day period. For the purpose of this Part the panel shall be deemed to be formed on the date that the third health care provider member of the panel is chosen. [Emphasis added.]
Under this provision then, even if lodging a claim with the medical review panel as to Dr. Simonton (a qualified health care provider) suspended prescription, the ninety-day period following formation of that *11 body still passed without suit being filed against applicant (a non-qualified health care provider). Hence, prescription would have barred a September 1991 suit against P & S.
As amended by Act 661 of 1991, effective September 6 of that year, LSA-R.S. 40:1299.41(G) now reads:
G. Notwithstanding the provisions of Subsection D, the running of prescription against a health care provider who is answerable in solido with a qualified health care provider against whom a claim has been filed for review under this Part shall be suspended in accordance with the provisions of R.S. 40:1299.47(A)(2)(a).
In turn, as also amended by Act 661, effective September 6, 1991, LSA-R.S. 40:1299.47(A)(2)(a) currently provides:
The filing of the request for a review of a claim [by a medical review panel] shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the medical review panel,.... The filing of a request for review of a claim shall suspend the running of prescription against all solidary obligors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the request for review.
Essentially, under the 1991 revisions, the filing of a claim with the medical review panel suspends prescription with regard to non-named solidary obligors to the same extent that suspension transpires as to those named in the request for review. Graham, supra. The amendments not only deleted the requirement that a claim be made against the alleged solidary obligor within the critical ninety-day interval, but also changed the date from which the suspension begins to run. Thus, for purposes of instituting suit against solidary obligors, respondents contend that the statutory modifications afford ninety days from rendition of the panel's opinion, coupled with any remainder of the original prescriptive period. On that basis, they argue, the present demands against applicant are timely.
Statutes of prescription like these, being remedial in nature, generally apply to all actions instituted after the effective date even though the cause of action accrued before enactment of the legislation. Lott v. Haley, 370 So.2d 521 (La. 1979); Rusher v. Winningham Nissan Volvo, Inc., 550 So.2d 784 (La.App. 2d Cir. 1989). Exceptions to this general rule of retroactivity for prescriptive statutes, however, include instances where such application would strip a party of a vested right or would revive an already prescribed cause of action. Brown v. Reese, 532 So.2d 187 (La.App. 2d Cir.1988); LeBlanc v. City of Lafayette, 558 So.2d 259 (La.App. 3d Cir. 1990). More directly stated, a legislative act cannot revive a cause of action already barred by liberative prescription prior to the effective date of that act. Hall v. Hall, 516 So.2d 119 (La.1987); Small v. Avoyelles Parish Police Jury, 589 So.2d 1132 (La.App. 3d Cir.1991), writ denied, 593 So.2d 374 (La.1992); Lyman v. Town of Sunset, 567 So.2d 1171 (La.App. 3d Cir. 1990), writ denied, 571 So.2d 648 (La.1990); LeBlanc, supra.
Here, in support of retroactive application of the 1991 revisions, both respondents and the trial court rely upon Graham, supra. In that case, the fourth circuit determined that the recent amendments would control in a situation quite similar to the matter presently at hand. That court reasoned that, inasmuch as the enactment lengthened the pertinent prescriptive period, no vested rights had been disturbed. Yet the opinion notably fails to mention the above-discussed "revival of a prescribed action" exception. Indeed, respectfully declining to follow Graham, we conclude that the trial court in the case sub judice erred by retroactively applying the current LSA-R.S. 40:1299.41(G) and 40:1299.47(A)(2)(a) provisions to suspend the running of prescription. Bishop's right *12 to institute action against P & S prescribed long prior to September 6, 1991, the effective date of the legislation in question.[1] Under such circumstances, Act 661 cannot revive the prescribed action, or abrogate applicant's right to the effect of the completed (or "vested") prescriptive bar. Accord, White v. West Carroll Hosp. Inc., 598 So.2d 1134 (La.App. 2d Cir.1992), reversed and remanded on other grounds, 613 So.2d 150 (La.1992).[2]
Finally, in that respondents suggest no other means by which their claim against P & S had been suspended or interrupted, the plea of prescription should have been sustained.

CONCLUSION
Accordingly, the writ is made peremptory. The district court is thus ordered to vacate its earlier judgment, sustain applicant's plea of prescription, and dismiss respondents' suit at their cost.
WRIT MADE PEREMPTORY.
NOTES
[1] Even if interruption occurred upon the filing of the complaint against Dr. Simonton in March 1987, prescription resumed running no later than ninety days after completion of the medical review panel in March 1988. See former LSA-R.S. 40:1299.41(G). Thereafter, plaintiff did not file suit against Dr. Simonton and his clinic until July 1991, with P & S first named in September of that year.
[2] Finding that the plaintiffs should have been allowed to supplement the record to support their contention that prescription had been interrupted by the pendency of another suit, the supreme court did not reach the issue of retroactive application of Act 661.