HIGHTOWER, Judge.
Thomas and Ruth Wimberly, individually and on behalf of their minor son, Brandon, instituted action against Russell Gatch and his parents, Gerald and Shirley Gatch, seeking damages ex delicto for the sexual abuse of a child. Following trial of defendants’ exception of prescription, the district court sustained the plea in reference to all acts of improper conduct occurring more than one year before suit. We later granted plaintiffs’ application for supervisory writs and consolidated the matter with their pending appeal. Our review now revealing no error in the lower court ruling, we affirm.
BACKGROUND
Plaintiffs allege that, beginning at approximately age seven, their child became the victim of frequent sexual molestation by Russell Gatch, who resided in their neighborhood. According to Brandon Wimberly’s in-court and deposition testimony, after he commenced submitting to sexual encounters with the seven-year-older boy, such activities, including oral sex and sodomy, continued two or three times per week for almost four years, ending with Russell Gatch’s arrest in late April 1988.
In October 1987, due to sexual abuse inflicted by yet another individual, his brother’s Boy Scout leader, Brandon began therapy with a social worker. Nevertheless, until Monday, April 25, 1988, no mention of molestation by Russell Gatch came to light. On that date, Brandon communicated to his counselor that he had submitted to oral sex with a neighborhood boy during the previous weekend. Almost one year later, on April 21,1989, the Wimberlys filed suit.
Determining that the last sexual misconduct transpired the weekend immediately preceding April 25, the trial court ruled the action to be timely instituted as to that particular act. However, relying on Crosby v. Keys, 590 So.2d 601 (La.App. 2d Cir.1991), writ denied, 593 So.2d 373 (La.1992), the lower court further held that the doctrine of contra non valentem did not apply under these circumstances, and that the remaining claims had prescribed, having stemmed from alleged acts committed more than one year prior to the filing of suit. Plaintiffs, complaining of the adverse aspects of that decision, subsequently appealed and also applied for supervisory writs.
DISCUSSION

Prescription

Delictual actions, such as the one by appellants, are subject to a liberative prescription of one year. LSA-C.C. Art. 3492. Such limiting periods run even against minors, unless an exception is provided by legislation. LSA-C.C. Art. 3468. Of course, it is the exceptor who ordinarily must establish that an action is barred by prescription. Manning v. Scott-Hixon-Hopkins, Inc., 605 So.2d 233 (La.App. 2d Cir.1992); Crosby, supra. However, once *636 a defendant shows prima facie that a claim has prescribed, the burden shifts to the plaintiff to demonstrate suspension or interruption of the prescriptive period. Crosby, supra.
The petition in the instant matter avers that the sexual misconduct commenced when Brandon was approximately seven years old and continued until Russell Gatch’s arrest. As clearly shown, that time interval extended from 1984 until April 27, 1988. Further, the trial court found that only one act of sexual abuse occurred during the year prior to the filing of suit. That well-supported finding should not be disturbed upon review, Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), and reflects that claims from all remaining instances of misconduct have apparently prescribed. Appellants, however, urge two theories for suspension of the limiting period: (1) That the 1992 amendment of LSA-C.C. Art. 3496.1 should be applied retroactively; and (2) that the doctrine of contra non valentem should control.

Retroactive Application

As amended by Acts 322 of 1992, LSA-C.C. Art. 3496.1 provides:
An action against a person for abuse of a minor is subject to a liberative prescriptive period of three years. This prescription commences to run from the day the minor attains majority, and this prescription for all purposes, shall be suspended until the minor reaches the age of majority. This prescriptive period shall be subject to any exception of per-emption provided by law.
Previously, this same article similarly suspended prescription until majority, but applied only to actions against the parents and caretakers of minors. Hence, at all times during the molestation of Brandon, a one-year limiting period governed any claims against the Gatches.
Statutes of prescription, being remedial in nature, generally apply to all actions instituted after the effective date, even though the cause of action accrued before enactment of the legislation. Lott v. Haley, 370 So.2d 521 (La.1979); Rusher v. Winningham Nissan Volvo, Inc., 550 So.2d 784 (La.App. 2d Cir.1989). Exceptions to this general rule of retroactivity for prescriptive statutes, however, include instances where such application would strip a party of a vested right or would revive an already prescribed cause of action. Bishop v. Simonton, 615 So.2d 8 (La.App. 2d Cir.1993), writ denied, 617 So.2d 908 (La.1993); Brown v. Reese, 532 So.2d 187 (La.App. 2d Cir.1988); LeBlanc v. City of Lafayette, 558 So.2d 259 (La.App. 3d Cir.1990). More directly stated, a legislative act cannot revive a cause of action already barred by liberative prescription prior to the effective date of that enactment. Hall v. Hall, 516 So.2d 119 (La.1987); Bishop, supra; Small v. Avoyelles Parish Police Jury, 589 So.2d 1132 (La.App. 3d Cir.1991), writ denied, 593 So.2d 374 (La.1992); Lyman v. Town of Sunset, 567 So.2d 1171 (La.App. 3d Cir.1990), writ denied, 571 So.2d 648 (La.1990); LeBlanc, supra.
Appellants contend, first, that the revision of LSA-C.C. Art. 3496.1 would allow Brandon to file suit on his own behalf upon attaining majority. Based on that proposition, they then argue it would be inequitable not to apply the amendment retroactively at this time. We disagree.
Each act of sexual abuse constitutes an independent tort and gives rise to a separate cause of action. See Crosby, supra; Laughlin v. Breaux, 515 So.2d 480 (La.App. 1st Cir.1987). In the case sub judice, the claims as to each individual abusive act prescribed one year after the date of occurrence, according to the statute controlling during that period, and well before the amendment of LSA-C.C. Art. 3496.1. Under such circumstances, Act 322 of 1992 could not revive the already-stale causes of action, or abrogate appellees’ right to the effect of the completed (or “vested”) prescriptive bar. Cf. Bouterie v. Crane, 616 So.2d 657 (La.1993), in which the supreme court observed, in footnote, that the amendment to LSA-C.C. Art. 3496.1 could not operate retroactively to revive an already prescribed cause of action. Furthermore, and in direct answer to appellants’ argument, this same rationale would obvi *637 ously bar any post-majority suit by Brandon.
Thus, in that LSA-C.C. Art. 3496.1 fails to provide a suspension of the prescriptive period, we next address the doctrine of contra non valentem, as enunciated in Corsey v. State, Department of Corrections, 375 So.2d 1319 (La.1979).

Contra Non Valentem

Previously, in Crosby, supra, a sexual abuse case, we concluded that the concept of contra non valentem did not apply to the facts before us. Even though acts of child molestation may cause psychological injury, where there is no evidence that a defendant took action to prevent the filing of suit, a plaintiff cannot claim benefit of the doctrine. Id.; Doe v. Ainsworth, 540 So.2d 425 (La.App. 1st Cir.1989), writ denied, 542 So.2d 511 (La.1989); Bock v. Harmon, 526 So.2d 292 (La.App. 3d Cir.1988), writ denied, 531 So.2d 275 (La.1988).
Although consistently describing himself as afraid of his malefactor, neither at trial nor in deposition did Brandon indicate Russell Gatch had harmed him or otherwise threatened physical violence in order to coerce his silence. Instead, the victim feared that any revelation to his parents would result both in punishment by them and, also, a statement from the older boy maintaining that Brandon enjoyed the experiences. While by no means denigrating the psychological trauma suffered by sexual abuse victims, we do not deem the facts at hand to warrant application of the exceptional doctrine of contra non valentem. Therefore, as determined by the trial court, the asserted claims arising from acts of sexual molestation occurring before April 21, 1988, have prescribed.

Errors Alleged by Appellee

In his brief, Russell Gatch contends that the trial court erred in concluding that even the last act of sexual abuse fell within the prescriptive period. Yet he has not answered the appeal or otherwise properly brought the issue before us. See LSA-C.C.P. Art. 2133; Dixon v. Mid-South Rail Corp., 580 So.2d 438 (La.App. 2d Cir.1991), writ denied, 584 So.2d 1160 (La.1991). We therefore do not consider the complaint.
CONCLUSION
Accordingly, for the foregoing reasons, the judgment sustaining the exception of prescription as to all claims arising before April 21, 1988 is affirmed. Costs are assessed against appellants.
AFFIRMED AND REMANDED.