687 So.2d 632 (1997)
G.B.F., Plaintiff-Appellant,
v.
Michael Wayne KEYS, Defendants-Appellants.
No. 29,006-CA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1997.
Writ Denied March 21, 1997.
*633 A. Richard Snell, Steven G. Mckenzie, Bossier City, for Plaintiff-Appellant.
Lunn, Irion, Johnson, Salley & Carlisle by James Gardner, Shreveport, for Defendants-Appellees.
Before MARVIN, C.J., and NORRIS and STEWART, JJ.
MARVIN, Chief Judge.
In this action for damages founded on allegations that as a child, plaintiff was sexually abused by his scoutmaster, Keys, G.B.F., the plaintiff who instituted the action against the scoutmaster and his alleged superiors in 1993, almost three years after he reached the age of majority, appeals a judgment upholding the peremptory exception of prescription and dismissing GBF's demands against the Boy Scouts of America, a co-defendant. La. C.C. art. 3492.
GBF complains that the trial court should have retroactively applied amended statutes lengthening the applicable prescriptive period, or in the alternative, applied the doctrine of contra non valentem to suspend the accrual of liberative prescription.
We affirm.

FACTUAL AND PROCEDURAL BACKGROUND
The named defendants are Keys, the Boy Scouts of America, Inc. and Norwela Council of Boy Scouts of America. G.B.F. was a member of Boy Scout Troop No. 216 located in Bossier City, Louisiana, for approximately four years at ages 11 through 14. Contending that Keys used his position and authority as a scoutmaster to accomplish the sexual abuse, G.B.F. alleged that the other defendants (collectively, "B.S.A.") are liable for failing to provide and apply proper procedures to screen applicants for scoutmasters, failing to properly supervise Keys, failing to investigate Keys and failing to remove Keys as scoutmaster.
In February 1987, Keys was arrested for sexual misconduct with other young members of Troop No. 216. After pleading guilty, Keys was sentenced to five years in prison. Although G.B.F.'s petition does not specifically allege when Keys committed the sexual abuse, the events occurred before Keys' arrest in February 1987. Reaching his 18th birthday on September 11, 1990, G.B.F. did not institute his action until June 15, 1993.
B.S.A. filed its peremptory exception of prescription on August 31, 1993. Relying on the one-year prescriptive period for delictual actions under La. C.C. art. 3492, B.S.A. contended that G.B.F.'s action prescribed one year after Keys' arrest in February 1987. B.S.A. focused on G.B.F.'s knowledge of the abuse as a minor, rather than on his parents' knowledge of the abuse. The trial court overruled this first exception of prescription following Wimberly v. Gatch, 93-2361 (La.4/11/94), 635 So.2d 206, which held that, while the victim is a minor, the doctrine of contra non valentem suspends the running of prescription until the minor's parents have sufficient notice of the sexual molestation.
After taking depositions of G.B.F. and his mother, and based on facts developed through this discovery, B.S.A. refiled its peremptory exception of prescription on September 22, 1995. The trial court sustained this exception on February 14, 1996, holding that G.B.F.'s cause of action prescribed because he failed to bring it within one year from the date that he became an adult, September 11, 1990. The trial court held that the doctrine of contra non valentem does not apply to this action to suspend the running of prescription once G.B.F. attained the age of majority. We agree.

*634 DISCUSSION

Res Judicata
G.B.F. contends that B.S.A. should not be allowed to re-litigate the issue of prescription, claiming that the second exception of prescription is barred as res judicata because the trial court overruled the first exception of prescription filed in August, 1993. G.B.F. argues his position in brief. G.B.F. did not file a formal pleading raising the exception of res judicata at either the trial or appellate level. An exception of res judicata may not be supplied by the court. La. C.C.P. art. 927. Ordinarily, the exception cannot be injected as an issue in the case solely by brief or oral argument. See and compare Bergeron v. Houma Hospital Corporation, 514 So.2d 1192 (La.App. 1st Cir.1987), writ denied and Hayes v. Hayes, 607 So.2d 3 (La. App. 2d Cir.1992). Nevertheless, under the circumstances, we have considered this argument and find it without merit.
In order to plead res judicata, it is necessary that there be a final judgment. La. R.S. 13:4231; Fisher v. Rollins, 231 La. 252, 91 So.2d 28 (1956); Henry Ins. Agency, Inc. v. Desadier, 94-39 (La.App. 3rd Cir. 10/5/94), 643 So.2d 374. A judgment overruling an exception of prescription is merely interlocutory and not appealable, absent irreparable harm. Fleniken v. Allbritton, 566 So.2d 1106 (La.App. 2d Cir.1990). It is not a "final judgment." Compare Harris v. Bardwell, 373 So.2d 777 (La.App. 2d Cir.1979).
Moreover, La. C.C.P. art. 928 states that the peremptory exception may be pleaded at any stage of the proceedings. See Teachers' Retirement System of Louisiana v. Louisiana State Employees' Retirement System, 456 So.2d 594 (La.1984), holding that the peremptory exception of no right of action may again be raised or pleaded after once being denied.

Applicable Prescriptive Period
Before 1992, La. C.C. art. 3492 provided that the one-year liberative prescription for a delictual action applied to this action. Article 3492 now provides as follows:
Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage.
La. C.C. art. 3496.1 was amended by Act 322 of 1992 to provide a three-year prescriptive period for an action against a person for "abuse of a minor."
An action against a person for abuse of a minor is subject to a liberative prescriptive period of three years. This prescription commences to run from the day the minor attains majority, and this prescription, for all purposes, shall be suspended until the minor reaches the age of majority. This prescriptive period shall be subject to any exception of peremption provided by law.
 Italics supplied.
In 1993, La. C.C. art. 3498.1 was enacted, effective June 25, 1993, to provide for a ten-year prescriptive period for an action against a person for "sexual abuse of a minor." La. C.C. art. 3498.1, redesignated as La. R.S. 9:2800.9 by the Louisiana State Law Institute, is also pertinent:
A. An action against a person for sexual abuse of a minor, or for physical abuse of a minor resulting in permanent impairment or permanent physical injury or scarring, is subject to a liberative prescriptive period of ten years. This prescription commences to run from the day the minor attains majority, and this prescription shall be suspended for all purposes until the minor reaches the age of majority. Abuse has the same meaning as provided in Louisiana Children's Code Article 603(1). This prescriptive period shall be subject to any exception of peremption provided by law.
G.B.F. complains that the trial court failed to retroactively apply the amended statutes, La. C.C. art. 3496.1 and La. R.S. 9:2800.9. He argues that the express language of La. C.C. art. 3496.1, providing that prescription is suspended "for all purposes" until the minor attains the age of majority, indicates a clear legislative intent to suspend prescription for any and all acts during the minority of a *635 child, even when those acts occurred prior to the legislative act.
Emphasizing that La. R.S. 9:2800.9 tracks the language of La. C.C. art. 3496.1 by providing that "this prescription ... shall be suspended for all purposes until the minor reaches the age of majority," G.B.F. argues that this statute should be applied retroactively for the same reasons as Art. 3496.1. According to G.B.F., if the legislature had not intended for retroactive application, then there would have been no need to include the phrase "for all purposes" in both statutes.
We cannot apply La. C.C. art. 3496.1 or La. R.S. 9:2800.9 retroactively in this case because to do so would revive an already prescribed cause of action, infringing upon constitutionally vested rights. A statute enacted after the expiration of the plaintiff's cause of action by prescription cannot revive the already prescribed action. See Hall v. Hall, 516 So.2d 119 (La.1987); Harrison v. Gore, 27,254 (La.App.2d Cir. 8/23/95), 660 So.2d 563, writ denied; Bishop v. Simonton, 615 So.2d 8 (La.App. 2d Cir.1993), writ denied. In Bishop, we stated:
Statutes of prescription like these, being remedial in nature, generally apply to all actions instituted after the effective date even though the cause of action accrued before enactment of the legislation. Lott v. Haley, 370 So.2d 521 (La.1979); Rusher v. Winningham Nissan Volvo, Inc., 550 So.2d 784 (La.App. 2d Cir.1989). Exceptions to this general rule of retroactivity for prescriptive statutes, however, include instances where such application would strip a party of a vested right or would revive an already prescribed cause of action. Brown v. Reese, 532 So.2d 187 (La.App. 2d Cir.1988); LeBlanc v. City of Lafayette, 558 So.2d 259 (La. App. 3d Cir.1990). More directly stated, a legislative act cannot revive a cause of action already barred by liberative prescription prior to the effective date of that act. Hall v. Hall, 516 So.2d 119 (La.1987); Small v. Avoyelles Parish Police Jury, 589 So.2d 1132 (La.App. 3d Cir. 1991), writ denied, 593 So.2d 374 (La. 1992); Lyman v. Town of Sunset, 567 So.2d 1171 (La.App. 3d Cir.1990), writ denied, 571 So.2d 648 (La.1990); LeBlanc, supra.

615 So.2d at 11. Emphasis supplied.
G.B.F. became an adult on September 11, 1990. The applicable prescriptive period at that time was one year under La. C.C. art. 3492 before the 1992 amendment. Thus, G.B.F.'s cause of action was prescribed when he failed to bring it within one year, by September 11, 1991. La. C.C. art. 3496.1 and La. R.S. 9:2800.9 cannot be retroactively applied so as to revive G.B.F.'s already prescribed action. The trial court correctly applied La. C.C. art. 3492.
Relying on Kozlowski v. State, Through DHHR, 534 So.2d 1260 (La.App. 5th Cir. 1988), writ denied, G.B.F. contends that his rights were never extinguished as in preemption; rather, the legislative suspension of prescription, if applied retroactively, would merely remove the bar to his judicial remedy and provide him with a longer time than before to enforce his action. Thus, he contends, retroactive application would not disturb any constitutionally vested rights. We disagree.
Kozlowski dealt with a unique situation not presented here and is, thus, readily distinguishable. There, a father, who was physically separated from his wife and son, brought an action on behalf of his minor son against the State Department of Health and Human Resources and other defendants, alleging negligence in failing to protect his son from the physical abuse of the mother. The father alleged that the DHHR failed to investigate numerous complaints concerning the mother's physical abuse of the minor child. After being found severely burned, the child was placed in the temporary legal and physical custody of the DHHR on November 8, 1983, until December 30, 1985, when legal and physical custody was returned to the father. The father filed the action on August 18, 1986. Overruling the trial court's dismissal of the father's action, the court of appeal held that the applicable one-year prescriptive period was suspended as to any action against the DHHR until the child was released from custody of the DHHR and returned to the father. Thus, the father's action, brought within one year of the child's *636 release from DHHR legal custody, was timely filed.
Unlike the Kozlowski circumstances, there is nothing in this record to suspend the running of liberative prescription after G.B.F. became an adult in 1990. Once G.B.F. reached the age of majority in 1990, he was subject to the then applicable prescriptive period of one year. He simply failed to timely file his action before the one year period tolled. His "adult" action is prescribed, notwithstanding that the running of prescription may have been suspended during his minority.[1]

Contra Non Valentem
G.B.F. argues that the doctrine of contra non valentem agere non currit praescriptio applies so as to suspend the running of prescription after he became an adult. The doctrine of contra non valentem suspends prescription where the circumstances of the case fall into one of the following four categories:
1. Where there was some legal cause which prevented the courts or their officials from taking cognizance of or acting on the plaintiff's action;
2. Where there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting;
3. Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and
4. Where some cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.

Rajnowski v. St. Patrick's Hospital, 564 So.2d 671 (La.1990). Contra non valentem should not be applied where there is no evidence that the defendants took any action to prevent the plaintiff from filing suit. Crosby v. Keys, 590 So.2d 601 (La.App. 2d Cir.1991), writ denied. G.B.F. argues in brief that "the much older, larger and stronger" Keys placed "great fear" in him that kept him from disclosing the abuse and molestations and thereby did not allow him to initiate his cause of action. The record does not support this contention.
The trial court correctly noted: "[T]here was no evidence presented in this matter which would indicate any trauma, mental state, or other factual situation which would invoke contra non valentem or another such doctrine to otherwise suspend or interrupt the running of prescription in this matter." Our review of the record leads us to agree with that finding. While we in no way attempt to depreciate or diminish the psychological injury occasioned by Keys' act of alleged sexual molestation of G.B.F. while a minor, we find no evidence in this record that justifies, factually or legally, G.B.F.'s inability to bring his action within one year after he became an adult. See and compare Crosby v. Keys, supra; Fontaine v. Roman Catholic Church of Archdiocese of New Orleans, 625 So.2d 548 (La.App. 4th Cir.1993), writ denied; Doe v. Ainsworth, 540 So.2d 425 (La. App. 1st Cir.1989), writ denied; Bock v. Harmon, 526 So.2d 292 (La.App. 3rd Cir.1988), writ denied; but see Held v. State Farm Ins. Co., 610 So.2d 1017 (La.App. 1st Cir.1992), writ denied.
Wimberly v. Gatch, 93-2361 (La.4/11/94), 635 So.2d 206, relied upon by G.B.F., does not control this appeal. Wimberly held that, in a suit for damages arising out of the sexual abuse of a minor, contra non valentem suspends the running of prescription until the minor's parents learn about the molestation and/or the various types of molestation. That case did not involve a person of legal age filing suit on his own behalf as G.B.F. does in this case. In Wimberly, the court specifically distinguished Crosby, Fontaine, Doe, and Bock, all supra, as cases, such as this one, involving adult persons of legal age, *637 filing suit on their own behalf against defendant tortfeasors. Id, 635 So.2d at 212-213.

DECREE
The trial court's judgment, at appellant's cost, is AFFIRMED.
NOTES
[1] We hold that G.B.F.'s cause of action against B.S.A. is barred by prescription of one year after he became an adult, regardless of whether prescription was suspended during his minority. Thus, discussion of whether prescription was suspended during G.B.F.'s minority or whether G.B.F.'s mother had sufficient knowledge of the sexual abuse of her son while he was a minor to start the running of prescription is pretermitted.