12GOTHARD, Judge.
Plaintiff, appeals from a decision of the trial court which granted defendants’ exceptions of prescription and dismissed plaintiffs actions against them. We affirm the judgement of the trial court.
Plaintiff, on October 11, 1996, filed a petition for damages alleging that he had been sexually molested by his father and brother. In his petition he sued both the father and brother, as well as his mother, step-father and grandmother, who he alleged knew of the abuse and failed to take steps to prevent it or protect him. His petition alleges that these acts of abuse occurred between the years of 1962 to 1977. Plaintiffs eighteenth birthday was February 15, 1978.
Plaintiff’s brother, and his mother and stepfather, filed exceptions of prescrip *548 tions, alleging that the suit, filed some seventeen years after he became a major and nineteen years after the last act of molestation, was prescribed. |3Plaintiff opposed the exception, alleging that the doctrine of contra non valentum operated to suspend the running of prescription in the instant suit. The trial court, while admittedly sympathetic toward the plaintiff, held that contra non valentum was inapplicable to this case, and therefore plaintiffs cause of action was prescribed.
Liberative prescription runs against all persons, including minors, unless exception is established by law. La. C.C. arts. 3467, 3468; Bouterie v. Crane, 616 So.2d 657 (La.1993). The one year liberative prescription for delictual actions begins to run from the date the injury or damage is sustained. La. C.C. art. 3492; Bouterie, supra.[1] La. R.S. 9:571 provides that an unemancipated minor cannot file suit against his parent, and suspends the running of prescription until the child becomes a major. When a petition reveals on its face that prescription has run, the plaintiff bears the burden of proving why the claim has not prescribed. Bouterie, supra.
In this case, plaintiff alleges that the doctrine of contra non valentum operated to suspend the running of prescription. The doctrine is based on the equitable principle that prescription should be suspended when a plaintiff is effectually prevented from enforcing his rights for reasons external to his own will. Wimberly v. Gatch, 93-2361 (La.App. 4 Cir. 4/11/94), 635 So.2d 206. Generally, contra non valentum suspends the running of prescription in the following four situations: (1) where there was some legal cause which prevented |4the courts or their officers from taking cognizance of or acting on the plaintiffs action; (2) where there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the defendant himself has done some act effectually to prevent the plaintiff from availing himself of his cause of action; and (4) where some cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. Wimberly v. Gatch, supra; Corsey v. Department of Corrections, 375 So.2d 1319 (La.1979).
Plaintiff contends that the third and fourth categories are applicable here, and he relies on the decision rendered by the court in Held v. State Farm Ins. Co., et al., 610 So.2d 1017 (La.App. 1 Cir.1992).
In this case, plaintiff acknowledges that this is not a case of “repressed” or “recovered memory” of child sexual abuse. Plaintiff instead argues that as a result of the abuse, he suffers from Post Traumatic Stress Disorder, which prevented him from appreciating the damages caused by the sexual abuse.
Initially, we note that most courts have rejected the claim for the application of contra non valentum when plaintiffs sue as adults for their sexual victimization as minors, in which they argue that, after reaching the age of majority, they remained psychologically unable to assess the responsibilities for the relationship and thus, to file suit. See for example, Harrison v. Gore, 27,254 (La.App. 2 Cir. 8/23/95), 660 So.2d 563, writ denied 95-2347 (La.12/8/95), 664 So.2d 426; Doe v. Doe, 95 0006 (La.App. 1 Cir.1995), 671 So.2d 466; and cases cited therein.
In the Held case, plaintiff filed suit against her father for damages as a result of his sexual abuse while she was a minor. Her suit was filed almost three Lyears *549 after she reached the age of majority. The evidence established that plaintiff was suffering from post traumatic stress disorder, which prevented her from taking action earlier, and that her parents withheld payment of her therapy and college expenses after she confronted them about her abuse. The First Circuit found that the combination of the post traumatic stress disorder and the financial domination of her parents warranted the application of the doctrine of contra non valen-tum.
Defendants/appellees herein argue against the application of the Held case and allege that this case is more closely analogous to that of Doe v. Doe, supra. In that case, plaintiff filed suit against his dentist approximately three years after the applicable prescriptive period. The plaintiff in Doe, like the plaintiff herein, had been diagnosed with Post Traumatic Stress Disorder. The trial court, in reliance on the Held case, denied the exception of prescription filed by the dentist and his insurer. On appeal, the First Circuit Court of Appeal found Held inapplicable and ruled that plaintiffs action was prescribed. The court noted that prior to the filing of suit that plaintiff attended college, maintained passing grades, and worked successfully at various jobs.
In G.B.F. v. Keys, 29,006 (La.App. 2 Cir. 1/22/97), 687 So.2d 632, the plaintiff unsuccessfully argued for the application of contra non valentum alleging that the “much, older, larger and stronger” defendant (his Boy Scout leader) placed “great fear” in him that kept him from disclosing the abuse and molestations. The court found that the record did not support this contentions, and held that plaintiffs action was prescribed.
In this case, the evidence presented showed that plaintiff left his family home at age seventeen. He was able to secure employment, and he married. | ^During this time period, he was aware of the abuse he had suffered from his family; however, he alleges that he was never fully aware of the effect of that abuse.
In the spring of 1995, he started seeing Dr. Braniff, a psychologist. Dr. Braniff referred him to Dr. Rifkin, a psychiatrist, in June of 1995, who diagnosed Post Traumatic Stress Disorder. Dr. Rifkin, in deposition testimony stated that, “... though cognitively remembering the events, the patient was emotionally disassociated with them until a psychologically demeaning encounter with his brother about a year ago [in 1995] triggered a flood of strong feelings associated with his abuse.”
Plaintiffs wife, in her deposition stated that, once plaintiff began to grapple with the issues of his sexual abuse in July or August of 1995, his father threatened to kill him and his family sought to have him incarcerated at Charity Hospital. The family filed for restraining orders against plaintiff, who in turn obtained a restraining order and/or filed criminal charges against the family members.
Plaintiff argues that his father’s actions in threatening to kill him, and in attempting to have him committed to Charity Hospital, were acts committed by defendants which prevented him from filing suit, and that this, combined with his Post Traumatic Stress Disorder and the resultant emotional disassociation from the effects of the abuse, prevented him from filing suit. Accordingly, he requests that this court apply the contra non valentum to find that his suit is not prescribed.
We must reluctantly agree with the trial court in this matter. Testimony from plaintiffs treating psychiatrist clearly establishes that plaintiff knew of the |7abuse, and thus this is not a case of “repressed” or “recovered memories” of child sexual abuse. Furthermore, the record established that the defendant was aware that the abuse had caused him emotional trauma as early as May 1995, when he sought treatment from mental health professionals, although he may not have appreciated the full extent of the emotional damage *550 until later. Prescription runs from the date a plaintiff first suffers appreciable damages, even though he may only later come to a more precise realization of the full damages he has suffered. Doe v. Doe, supra.
Finally, while distressing in its own right, plaintiff did not prove that the actions of his father in threatening to kill him or in attempting to have him incarcerated, operated to prevent him from taking legal action. To the contrary, the plaintiffs wife testified that plaintiff took other legal action against his family. Unlike the Held case, plaintiff did not prove family domination. At the time of the filing of this suit plaintiff was a thirty-six year old man who had been living apart from his family and who was financially independent from them for many years. During that period, defendant had successfully maintained employment and had been married.
Louisiana statutory law has demonstrated great compassion for victims of child sexual abuse, which we wholeheartedly applaud. The allegations of this case beg to be addressed at a trial on the merits. Therefore, we have great compassion for this alleged victim, as did the trial court, who said:
I’m not saying the person’s guilty, but if he was guilty, I wish I could put the son-of-a-gun in jail for the rest of his life ... if the person did it, I’d like to make him pay any way I can. I think it’s awful, and hopefully if there’s a guy upstairs that does good, he’ll at least pay some day.
| sHowever, under the circumstances of this case, we cannot apply the doctrine of contra non valentum. Even assuming plaintiffs post traumatic stress disorder operated initially to prevent him from realizing he was emotionally injured, plaintiffs own expert testified that he began to experience the effects of the abuse in June of 1995, and suit was not filed until October 1996, more than one year later. Accordingly, we see no error in the trial court’s decision that plaintiffs cause of action is prescribed.
For the above discussed reasons, the judgment of the trial court is affirmed.
AFFIRMED.
CANNELLA, J., dissents.

. In 1992, C.C. art. 3496.1 was amended to provide a three-year period for an action against a person of abuse of a minor. In 1993, La. R.S. 9:2800.9 (first designated as La. C.C. art. 3498.1) was enacted to provide a ten-year prescriptive period for an action against a person for sexual abuse of a minor. However, neither statute was given retroactive application by the legislature and thus do not apply to the instant case.